Jonathan O. Hafen (6096) jhafen@parrbrown.com
Royce B. Covington (10160) rcovington@parrbrown.com
Chad S. Pehrson (12622) cpehrson@parrbrown.com
Sara Meg Nielson (13824) snielson@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone:     (801) 532-7840
Facsimile:     (801) 532-7750

*Attorneys for Defendants Christopher J. Ashby;*
*Jordan S. Nelson; and Scott W. Beynon*

## IN THE UNITED STATES BANKRUPTCY COURT

## IN THE DISTRICT OF UTAH

| | |
|---|---|
| **IN RE:**<br><br>**ROCKWELL DEBT FREE PROPERTIES, INC. et al.[1]**<br><br>**DEBTORS.** | Bankruptcy Case No. 20-25326<br><br>Chapter 7<br><br>Hon. Kevin R. Anderson |

## MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION

## <u>INTRODUCTION</u>

In an arbitration proceeding brought against Debtors and Debtors' officers and directors

("Individual Respondents"), the Claimants in the arbitration case have not formally severed or

dismissed Debtors Rockwell Debt Free Properties, Inc., Rockwell TIC, Inc., and Rockwell

Indianapolis, LLC ("Debtors"). Furthermore, the claims against the Individual Respondents and

---

[1] Debtors are Rockwell Debt Free Properties, Inc., Rockwell TIC, Inc., and Rockwell Indianapolis, LLC.

Debtors appear to be intertwined, and the Individual Respondents have asserted indemnity claims against Debtors.  Thus, the Individual Respondents request that this Court extend the stay applicable to the Arbitration as against them, the Debtor's co-defendants.  This is primarily because of the applicability of an exception to general stay rules in situations where an indemnity relationship between non-debtor co-defendants and Debtors exists.  Furthermore, under the allegations of the Claimants in the Arbitration, the Individual Respondents undertook their relevant actions as agents of Debtors; thus any adverse finding against the individuals would logically effectuate corresponding adverse findings against Debtors.  If the Arbitration is allowed to proceed unabated, given the specific facts and circumstances of the Arbitration, then Debtors, if competently managing their liabilities, will be forced to participate in the Arbitration to protect their own interests; furthermore, Debtors are required to pay the costs of the defense of the Arbitration.  For these reasons, the stay should be extended.

## PROCEDURAL BACKGROUND

### I.  The Arbitration.

1.      Claimants Submitted an Amended Complaint in the Arbitration on May 15, 2020. The Amended Complaint is attached hereto as Exh. A.

2.      Claimants named the following individuals and entities as Defendants: Christopher Ashby, Jordan Nelson, Scott Beynon (the "Individual Respondents"), Rockwell Debt Free Properties, Inc., Rockwell TIC, Inc. and Rockwell Indianapolis, LLC.

3.      The Amended Complaint does not distinguish between the Individual Respondents and the Debtors; rather, the Amended Complaint contains 113 references to actions taken by the group "Defendants," which includes both the Individual Respondents and the

Debtors.  [*See, e.g.*, Am. Compl. ¶¶ 1, 2, 4, 5, 6, 7, 8, 14, 20, 22, 24, 28, 96, 97, 98, 99, 103, 104, 115, 126, 138, 144, 305, 308, 327, 328.]

4.      The Amended Complaint brings nine claims, against the following Defendants:

| # | Title | Defendants |
|---|---|---|
| 1 | Negligent Misrepresentation | **Rockwell Debt Free Properties, Inc.**<br>**Rockwell TIC, Inc.**<br>**Rockwell Indianapolis, LLC.**<br>Christopher Ashby<br>Jordan Nelson<br>Scott Beynon |
| 2 | Fraud/Constructive Fraud | **Rockwell Debt Free Properties, Inc.**<br>**Rockwell TIC, Inc.**<br>**Rockwell Indianapolis, LLC.**<br>Christopher Ashby<br>Jordan Nelson<br>Scott Beynon |
| 3 | Section 10(b) | **Rockwell Debt Free Properties, Inc.**<br>**Rockwell Indianapolis, LLC.**<br>Christopher Ashby<br>Jordan Nelson<br>Scott Beynon |
| 4 | Section 12(a)(1) | **Rockwell Debt Free Properties, Inc.,**<br>**Rockwell TIC, Inc.**<br>**Rockwell Indianapolis, LLC.**<br>Christopher Ashby<br>Jordan Nelson<br>Scott Beynon |
| 5 | Unlicensed Sale of Securities | **Rockwell Debt Free Properties, Inc.,**<br>**Rockwell Indianapolis, LLC.**<br>Christopher Ashby<br>Jordan Nelson |
| 6 | Blue Sky Securities Violations | **Rockwell Debt Free Properties, Inc.,**<br>**Rockwell Indianapolis, LLC.**<br>Christopher Ashby<br>Jordan Nelson<br>Scott Beynon |

| 7 | Fraudulent Inducement | **Rockwell Debt Free Properties, Inc., Rockwell Indianapolis, LLC.** Christopher Ashby Jordan Nelson Scott Beynon |
| 8 | Unjust Enrichment | **Rockwell Debt Free Properties, Inc. Rockwell TIC, Inc. Rockwell Indianapolis, LLC.** Christopher Ashby Jordan Nelson Scott Beynon |
| 9 | Civil Conspiracy | **Rockwell Debt Free Properties, Inc. Rockwell TIC, Inc. Rockwell Indianapolis, LLC.** Christopher Ashby Jordan Nelson Scott Beynon |

[Am. Compl. ¶¶ 329-413.]

5.      The Amended Complaint seeks remedies of a constructive trust, damages, fees, and other relief.  The Amended Complaint does not distinguish which relief is requested against which "Defendants."  [Am. Compl. p. 67.]

6.      No written discovery has been served against the Individual Respondents in the Arbitration.

7.      On Thursday, September 10, following an unconventional expedited and simultaneous briefing, the Arbitrator issued an order attached as Exhibit B.  In pertinent part, the Order stated:

a.      "I find that as a matter of law that Section 362(a)(1) of the Bankruptcy Code applies only to the Debtors in bankruptcy and not to the individual Non-Debtor Respondents Christopher Ashby, Jordan Nelson, and Scott Beynon." [Order, p. 4.]

      b.     "It was crystal clear to me that the Claimants had no intention of proceeding against the Debtors and that they were only going to pursue their claims against the individual Non-Debtor Respondents. If there are some ministerial acts that the Claimants need to take do in order to clarify the pleadings, they are instructed to do so within five (5) business days of this Order."  [Order, pp. 5-6.]

      c.     "Unless and until the Bankruptcy Judge issues an order extending the automatic stay to the Non-Debtor Respondents, then I expect the April 10, 2020, Scheduling Order to be followed and, absent good cause, that the depositions will proceed as scheduled." [Order, p. 6.]

      8.     Also, on Thursday September 10, the Arbitrator issued a separate order, stating as follows: "All, I'm going to order tomorrows deposition of Mr. Ashby continued for two weeks to give the parties time to sort this out.  I instruct Mr. Pehrson to provide Mr. Felix dates when Mr. Ashby is available by 5:00 PM tomorrow and to file, on an expedited basis, whatever relief he deems appropriate before Judge Anderson by close of business Monday. I instruct Mr. Felix to file whatever pleading he deems necessary to clarify what parties remain and what claims remain in this arbitration by close of business Monday so that there is no ambiguity to Judge Anderson as to what parties and issues remain in this proceeding."

      9.     As of September 21, 2020, Claimants have not filed a pleading in the Arbitration to clarify the parties.

**II.  This Bankruptcy.**

      **10.**     On September 2, 2020, Debtors filed a bankruptcy petition in this Court.

      **11.**     This Court has already granted an ex parte request that Individual Respondents produce documents and appear for a 2004 Exam.

### III.  Relationship Between Debtors and Individual Respondents.

**12.**    Individual Respondents were officers and directors of the Debtors.  [*See* Am.

Compl. ¶¶ 50-52.]

### ARGUMENT

The Individual Respondents are entitled to indemnification of their expenses incurred in

defending the Arbitration.  Furthermore, the claims are so interrelated as to presumably present

the Debtors with the obligation to monitor the Arbitration.  As such, the stay should be extended

in the Arbitration to the Individual Respondents.

### I.  The Automatic Stay Applies to the Arbitration and Should be Clarified or Extended as Being Applicable to the Debtors' Officers and Directors, Because of the Nature of the Case and the Individual Respondents' Relationship with Debtors.

As the Utah Federal District Court and the Tenth Circuit have recognized, while the

automatic bankruptcy stay typically does not extend to solvent codefendants, "there is a narrow

exception to this general rule 'when there is such identity between the debtor and the third-party

defendant that the debtor may be said to be the real party defendant and that judgment against the

third-party defendant will in effect be a judgment or finding against the debtor.'" *Hart v.

Connected Wireless, Inc.*, 2019 WL 861341, at *1 (D. Utah Feb 22, 2019) (quoting *Okla. Fed.

Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) and A.*H. Robins Co. v.

Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).  Thus, in certain circumstances, courts find that the

stay should be applied to all defendants, given the nature of the case and the relationship of the

remaining defendants with the debtor. *E.g.*, *Okla. Fed. Gold & Numismatics, Inc*, 24 F.3d at 141-

42 (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)), cert. denied, 479, U.S.

876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *see, e.g. Arnold v. Garlock, Inc.*, 278 F.3d 426, 436

(5th Cir. 2001). "An illustration of such a situation would be a suit against a third-party who is

entitled to absolute indemnity by the debtor on account of any judgment that might result against

them in the case." *Hart,* 2019 WL 861341, at *1 (internal quotation marks omitted).  Refusing to

extend the stay in such circumstances would defeat the very purpose and intent of the bankruptcy

code.  *A.H. Robins Co.*, 788 F.2d at 999.

> **A.  Individual Respondents Have Contractual and Statutory Claims to
> Indemnity Against Debtors and Thus Debtors Have a Significant Interest
> in the Arbitration.**

Here, Individual Respondents are the officers and directors of the Debtors.  Utah courts

and other courts regularly apply this exception to extend the stay to non-debtors (particularly

officers and directors of the debtor) who are entitled to contractual or statutory indemnification

from the debtor. *Hart*, 2019 WL 861341, at *1 (extending stay to nondebtor because nondebtor

was entitled to indemnification from the debtor under the terms of a contract between the

parties); *A.H. Robins Co.*, 788 F.2d at 1007 (extending stay to corporate managers who were

"entitled to indemnification by the debtor under the corporate by-laws and the statutes of

Virginia"); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 860 (6th Cir. 1992) (extending the stay

to officers and directors of debtor); *In re Midway Games, Inc.*, 428 B.R. 327, 334 (Bankr. D. Del.

2010) (extending stay to officers of debtors because "the absence of insurance means Debtors

will be forced to shoulder indemnity obligations to the Officers, thereby directly impacting

Debtors' remaining assets.").

Here, the claims asserted against Individual Respondents arise solely from actions they

took in their capacities as officers and directors of Debtors.  Utah Code Ann. §16-10a-903

provides for a mandatory obligation to indemnify officers and directors for expenses incurred in

successfully defending the claims against them.  Moreover, under Rockwell TIC's by-laws,

Rockwell TIC "shall indemnify any individual made a party to a proceeding because he is or was

a director or the corporation against liability incurred in the proceeding in accordance with and to

the extent permitted by the Utah Revised Business Corporation Act."  *See* Exhibit C.  This

indemnity obligation of the Debtors rests within the reach of the automatic stay.

To the extent that Claimants in the Arbitration oppose the stay and argue that the

Individual Respondents are not entitled to indemnification because they have committed fraud

and contracts requiring indemnity for fraud are null and void, such reasoning fails under

applicable case law.  Courts have clarified that "absolute indemnity is not required" for this

exception to apply; "the 'possibility' of a right of indemnification is sufficient." *In re Jefferson

Cnty., Ala.*, 491 B.R. 277, 284-90 (Bankr. N.D. Ala. Apr. 15, 2013); *see Am. Film Tech., Inc. v.

Taritero*, 175 B.R. 847 (Bankr. D. Del. 1994) (rejecting argument that stay did not apply to

debtor's officers and directors because they had committed fraud and applicable state laws

prevented them from being indemnified by the debtor; holding that suit "squarely implicate[d]

[the debtor's] indemnification obligations" and that the exception applied).

While Claimants have asserted fraud-type claims against the Individual Respondents,

they have not prevailed on those claims.  The Individual Respondents expressly deny those

allegations and intend to defend themselves vigorously.  Principals of entities are regularly sued

for all manners of acts taken in connection with their agency role with the entity.  It may be

correct that if a finding of fraud is ultimately entered, then perhaps Debtors could be justified in

refusing indemnify.  But as a matter of both contract and law, indemnity clauses require a

defense of the very type of allegations brought in the Arbitration. *In re American Film*

*Technologies, Inc.*, 5 B.R. 847 (Bankr. D. Del. 1994) (extending stay to non-debtor defendants and rejecting a plaintiff's argument that the indemnification exception did not apply to claims against the directors of the debtor because the non-debtor defendants were charged with fraud, explaining that such an argument "assumes that [the party] will prevail on the fraud claim—a claim which the defendants deny").

The Individual Respondents have previously asserted indemnity obligations against the Rockwell entities, and will continue to do so on a regular basis to obtain payment of legal fees, including through the appropriate procedures in this Bankruptcy.  Section 541 of the Code defines property of the bankruptcy estate as including "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case."  "Property of the estate" under Section 541 is defined broadly to include every conceivable interest of the debtor, future, non-possessory, contingent, speculative and derivative.  *E.g.*, *United States v. Brown*, 188 F.3d 519 (10th Cir. 1999) ("Property of a debtor's bankruptcy estate is broadly defined . . . .").  Indemnity claims will be filed against Debtors by the individuals, for ongoing defense costs in the Arbitration.  Furthermore, indemnity claims against the Debtors will arise if the Claimants are successful in the Arbitration, making such claims—even if future and contingent—"property of the bankruptcy estate" under Section 541.  Because Section 362(a)(3) prohibits "any act . . . to exercise control over property of the estate," pursuit of the Arbitration--even against the individuals--is an "act" that is targeted to impact or "exercise control over" a future and contingent claim that is property of the estate.  11 U.S.C. § 362(a)(3).  Therefore, pursuit of the Arbitration claims against the non-debtor defendants is an "act" to "exercise control over

9

property of the estate" and should therefore be stayed under Section 362(a)(3) of the Bankruptcy

Code.

**B.  An Entry of a Judgment Against the Individual Respondents Could be Tantamount to a Judgment Against the Debtors, and thus the Debtors Must be Allowed to Protect their Interests.**

In these circumstances, given the nature of the overlapping allegations against the

Individual Respondents and the Debtors, if there's an entry of judgment against the Individual

Respondents for actions that they took while agents for Debtors, then a similar judgment against

Debtors would logically be a foregone conclusion. As such, presumably a well-informed Trustee

would act to protect the Debtors' interests in the Arbitration, even if the Arbitration is only being

"advanced" as to the Individual Respondents.  That would include attendance at important

Arbitration events, including depositions and the arbitration hearing.  The Arbitrator has

determined that unless this Court acts otherwise, he intends to stringently abide by the previously

entered case schedule.  In practice, this means that the Individual Respondents will need

expedited conveyance of legal defense funds from the Debtors.  Furthermore, counsel for the

Debtors or the trustee would presumably want to assess and evaluate the risks to them of the

proceedings against the Individual Respondents.  This is the precise setting for which the stay

was intended—to allow Debtors a pause to evaluate all of their liabilities in the context of the

Bankruptcy proceedings.

**C.  Applying the Stay to the Arbitration Will Promote Judicial Economy and Fairness.**

As noted, the Individual Respondents will bring claims against the Debtors for their

expenses incurred in the Arbitration.  Furthermore, the same issues in the Arbitration are present

in other similar cases brought against both the Debtors and the Individual Respondents.

Additionally, acts taken in violation of the automatic stay are deemed void and without effect—a reality that unfortunately may mean wasteful efforts. *See, e.g., Constitution Bank v. Tubbs*, 68 F.3d 685, 693 (3d Cir. 1995). Individual Respondents believe that the most economical locale for resolution of these disputes should be considered by the Bankruptcy Court. Duplicative or unnecessary litigation would be a waste of the Debtors' limited time and resources, as well as judicial resources. Accordingly, equitable concerns, sound judicial discretion and judicial economy dictate that this Court should stay the Arbitration pending the opportunity for the bankruptcy court, the trustee, and Debtors' counsel to evaluate the situation. After that has taken place, this Court can then fully consider—with input from all interested parties—whether it is feasible and/or appropriate to continue the Arbitration. Allowing the Arbitration to continue could prejudice the interests of other creditors and interested parties in this case. *See Otero Mills, Inc. v. Sec. Bank & Trust (In re Otero Mills, Inc.),* 25 Bankr. 1018 (D.N.M. 1982) (holding that the bankruptcy court had the jurisdiction and the power to prevent the creditor from proceeding with non-bankruptcy court litigation and that the exercise of that power was proper when the bankruptcy estate would be adversely affected and the debtor would be pressured). Furthermore, the stay will presumably allow the Individual Respondents to evaluate any duties they may individually possess with respect to creditors of the Debtors.

Although the express language of section 362(a) of the Bankruptcy Code refers only to actions against the debtor, courts regularly extend the automatic stay to litigation involving the debtor's officers and directors, including for the above efficiency reasons mentioned. See *A.H. Robins*, 788 F.2d at 998-1007 (enjoining prosecution of multiple lawsuits against the debtor's officers and directors); *In re Johns-Manville Corp.*, 26 B.R. 420, 428 (Bankr. S.D.N.Y. 1983),

aff'd in part, 40 B.R. 219 (S.D.N.Y. 1984), rev'd in part on other grounds, 41 B.R. 926

(S.D.N.Y. 1984) (same); *In re Sudbury, Inc.*, 140 B.R. 461, 463 (Bankr. N.D. Ohio 1992)

(same).  Under these circumstances, the policy rationales for the automatic stay would be

effectively nullified if the Claimants were permitted to pursue litigation against the Debtors'

principals.

## **CONCLUSION**

The Individual Respondents request that the stay be clarified or extended as being

applicable to claims against them in the Arbitration.  The purpose of the Section 362(a)

automatic stay is not only to "protect the debtor from an uncontrollable scramble for its assets in

a number of uncoordinated proceedings in different courts," but also to "provide the debtor and

its executives with a reasonable respite from protracted litigation . . . ."[2]  Claimants could have

easily sought and obtained relief from stay before taking further action in pre-petition litigation

initiated against the Debtors, the results of which action may be adverse to the Debtors and the

estate.  Furthermore, Individual Respondents worry that Debtors are not immediately able to

participate in the Arbitration as necessary to protect their interests.  Thus, as an alternative form

---

[2] *In re Continental Airlines*,177 B.R. 475, 481 (D. Del. 1993) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 998 (4th Cir.), cert. denied, 479 U.S. 876 (1986)) (note differing context of reorganization petition).

of relief, the entire Arbitration could be temporarily stayed to allow the Debtors to assess and

meaningfully participate in protecting their interests in the arbitration.

DATED this 21st day of September 2020

PARR BROWN GEE & LOVELESS

BY: /s/ *Chad S. Pehrson*
    Jonathan O. Hafen
    Royce B. Covington
    Chad S. Pehrson
    Sara Meg Nielson
    *Attorneys for the Individual Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2020, I served the foregoing via email

on the following:

Wesley D. Felix
Brenda E. Weinberg
FELIX WEINBERG PLLC
68 Main St. Suite 800
Salt Lake City, Utah 84101
wfelix@felixweinberg.com
bweinberg@felixweinberg.com

Phil Jones
trustee@theo7.com

Andres Diaz
Tim Larsen
adiaz@expresslaw.com
tlarsen@expresslaw.com

/s/Lori Stumpf