Brittany J. Nelson (USB No. 09937)
**FOLEY & LARDNER LLP**
3000 K Street NW, Suite 600
Washington, DC 20007-5109
Telephone: 202-672-5300
Facsimile: 202-672-5399

**COUNSEL FOR J & J REAL ESTATE INVESTMENTS, LLC, TOWN AND CAMPUS, INC. CRAIG A. COUSINS, TRUSTEE OF THE CRAIG A. COUSINS TRUST, KENT SEYMOUR, TRUSTEE OF THE KENT S. SEYMOUR AND DONNA G. SEYMOUR FAMILY TRUST, BRUCE ROSE, TRUSTEE OF THE ROSE FAMILY TRUST, JOHN T. BARNETT, PATRICIA A. BARNETT, CYNTHIA A. WOLZ, ELDRIDGE HOLDINGS TOO LLC, AND XENOCORP, LLC**

|  |  |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT IN THE DISTRICT OF UTAH** ||
| IN RE:<br><br>**ROCKWELL DEBT FREE PROPERTIES, INC.** *et al.*,[1]<br><br>DEBTORS. | Bankruptcy Case No. 20-25326<br><br>Chapter 7<br><br>Hon. Kevin R. Anderson |
| **OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION AND JOINDER OF THE UNBUILT TIC OWNERS AND THE CARMEL TIC OWNERS FOR ORDER EXPRESSLY LIMITING AUTOMATIC STAY TO PROCEEDINGS AGAINST DEBTOR ENTITIES** ||

J & J Real Estate Investments, LLC, Town and Campus, Inc., Craig A. Cousins, Trustee

of The Craig A. Cousins Trust, Kent Seymour, Trustee of the Kent S. Seymour and Donna G.

---

[1] Debtors are Rockwell Debt Free Properties, Inc., Rockwell TIC, Inc., and Rockwell Indianapolis, LLC.

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION**     **PAGE 1**

4853-2450-6573.4

Seymour Family Trust, Bruce Rose, Trustee of the Rose Family Trust, John T. Barnett and Patricia A. Barnett, Eldridge Holdings TOO, LLC and Xenocorp, LLC (collectively, the "**Plano TIC Owners**"), as creditors in the above-styled and captioned case, hereby file this *Objection to Motion by Debtors' Officers and Directors to Extend the Automatic Stay Under 11 U.S.C. Section 362(a) to an Ongoing Arbitration* ("**Objection**") *and Joinder of the Unbuilt TIC Owners and the Carmel TIC Owners Motion for Order Expressly Limiting Automatic Stay to Proceedings against Debtor Entities*. In so doing, the Court should deny Rockwell Debt Free Properties, Inc. ("**RDFP**") and Rockwell TIC, Inc.'s ("**Rockwell TIC**") (together, "**Rockwell**") and Rockwell Indianapolis LLC's (collectively, "**Debtors**") officers' and directors' (**"Individual Defendants"**) Motion to Extend the Automatic Stay under 11 U.S.C. Section 362(a) to an Ongoing Arbitration (**"Motion"**) (ECF No. 14).[2] In support of the Objection, the Plano TIC Owners state as follows:

## I. EXECUTIVE SUMMARY

1.   Extension of automatic stay protection to non-debtors is the exception, not the rule. Specifically, the Tenth Circuit holds the automatic stay does not apply to solvent co-defendants—finding that such an extension is a "hardship on plaintiffs" and grants "unwarranted immunity." The Individual Defendants offer no evidence or argument that they are insolvent. The reason is obvious: they aren't.

---

[2] The Motion seeks to extend the Debtors' automatic stay to the Individual Defendants in an ongoing arbitration that the Plano TIC Owners are not involved. However, as discussed in more detail below, the Plano TIC Owners are involved in a state court lawsuit against Rockwell, the Individual Defendants, and others. The Plano TIC Owners file this Objection out of an abundance of caution and join the *Motion of the Unbuilt TIC Owners and the Carmel TIC Owners for Order Expressly Limiting Automatic Stay to Proceedings against Debtor Entities* (ECF No. 16).

---

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION** — Page 2

4853-2450-6573.4

2. Contrary to the Individual Defendants' assertions, Courts do not "regularly . . . extend the stay to non-debtors,"[3] and, instead, will only do so in limited circumstances. The Individual Defendants are liable in their individual capacity. Moreover, this is a Chapter 7 liquidation—not a Chapter 11 reorganization. As such, the Individual Defendants' case law is inapposite. Judicial economy and fairness require the stay not be extended.

3. The Individual Defendants' indemnification arguments likewise fail. First, there is no mandatory contractual or statutory provision to *advance* the Individual Defendants' litigation costs. Second, there is no evidence that the Individual Defendants complied with the written affirmation and undertaking requirements imposed by Utah Revised Business Corporation Act Section 16-10a-904 to receive advancement in the first place. Likewise, there is no evidence that indemnification occurred in accordance with Utah Revised Business Corporation Act Section 16-10a-906. Third, only if the Individual Defendants are successful in their defense can they present a valid claim for indemnification. Utah Code Ann. §§ 16-10a-902 (requiring director's conduct to be in good faith to receive indemnification), 16-10a-903 (mandating indemnification if director is successful on the merits). In short, the Motion is premature and continuing with litigation against the Individual Defendants has no immediate adverse effect on the ***Chapter 7 Trustee's*** administration of the bankruptcy estate. The Individual Defendants have failed to meet the necessary burden of proof to invoke the stay's protection, the Plano TIC Owners respectfully requests the Court deny the Motion and expressly order that the automatic stay is limited to the Debtors only.

---

[3] *See Motion to Extend the Automatic Stay under 11 U.S.C. Section 362(a) to an Ongoing Arbitration* at 7 (ECF No. 14).

---

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION** **Page 3**

4853-2450-6573.4

## II. BACKGROUND

4. In December 2018 and January 2019, Rockwell, the Individual Defendants, and other individuals and entities sold the Plano TIC Owners tenant-in-common interests ("**TIC Interests**") backed by a single tenant commercial building leased by Noah's Corporation ("**Noah's**") located in Plano, Texas (the "**Noah's Plano Venue**").

5. Noah's made the lease payments for the Noah's Plano Venue for only a few months. On or around March 2019, Noah's defaulted on the lease by stopping its lease payments and failing to pay the ad valorem taxes due and payable on the property.

6. At the time the Plano TIC Owners purchased the TIC Interests, Noah's was insolvent by tens of millions of dollars and had defaulted months prior on a $6 million loan made by Rockwell's affiliate Rockwell Fairview, LLC—a non-debtor entity which the Individual Defendants are members, officers, and directors. If that were not enough, Noah's had previously failed to pay the prior year's ad valorem taxes for the Noah's Plano Venue and had only done so after governmental authorities filed suit to collect. Rockwell, the Individual Defendants, and other defendants did not disclose the foregoing (as well as numerous other facts) to the Plano TIC Owners.

7. It turns out that Rockwell, the Individual Defendants, Noah's and other defendants were running a decades-long Ponzi-like scheme. The scheme consisted of the foregoing acquiring or constructing new Noah's venues, negotiating and executing new, inflated Noah's leases, packaging the lease and venues as Noah's TIC Interests, and marketing and selling the Noah's TIC Interests to unsuspecting investors. Each TIC Interest sale reaped in excess of a million dollars. Rockwell advertised itself as closing in excess of $100 million in TIC Interest sales over the course of the past decade.

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION**     **Page 4**

4853-2450-6573.4

8. On August 30, 2019, the Plano TIC Owners filed suit (the "**Texas Lawsuit**") in Texas state court against Rockwell, the Individual Defendants, and other defendants.[4] Therein, the Plano TIC Owners bring claims for federal and state securities law violations, statutory fraud, fraudulent transfer, conspiracy, and aiding and abetting against the Individual Defendants.

9. The Individual Defendants moved to compel arbitration in the Texas Lawsuit and lost. They have appealed the decision. The appellate court has stayed that appeal because of the Debtors' notice of bankruptcy. The Plano TIC Owners have filed a motion to reinstate, which is currently pending.

10. The trial court has also denied the Plano TIC Owners' motion to sever the Plano TIC Owners' claims against the Debtors into a separate proceeding—presumably because the trial court believes (incorrectly) that the automatic stay extends to all defendants in the Texas Lawsuit.

11. With the Individual Defendants asking this Court to expressly extend the automatic stay to them, the Plano TIC Owners have no choice but to object in order to avoid prejudice in the Texas Lawsuit.

### III.  ARGUMENT

12. Section 362 of the Bankruptcy Code "is designed to shield the ***debtor*** from the burdens of litigation during the processes of bankruptcy." S*eiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) (emphasis added). In essence, the stay allows "the ***debtor*** to organize his or her affairs without creditor harassment" and provides a means of achieving "orderly resolution of all claims." *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) (emphasis added). Indeed, in *Fortier*, the Tenth Circuit adopted the majority rule

---

[4] A true and correct copy of the lawsuit is attached hereto as **Exhibit A**.

that the automatic stay does **not** apply to proceedings against non-debtors:

> "It would make *no sense* to extend the automatic stay protections to solvent co-defendants. *They don't need it*, and at the same time it would work a hardship on plaintiffs, by giving an *unwarranted immunity* from suit to solvent co-defendants. Extending the stay to protect solvent co-defendants would not advance either of the purposes underlying the automatic stay. Accordingly, we join the other circuit courts in concluding that *11 U.S.C. § 362 stays litigation only against the debtor, and affords no protection to solvent co-defendants*."

*Id*. (emphasis added). Here, the Individual Defendants offer no evidence (or even argument) that they are insolvent.[5] The reason is obvious: they aren't. The Individual Defendants are simply trying to gain the "unwarranted immunity" from liability that the Tenth Circuit warned about in *Fortier*.

13. The Plano TIC Owners acknowledge that, in limited circumstances, courts have recognized an exception to the general rule by holding certain non-debtor co-defendants may invoke the stay. *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.). However, to trigger the exception, the case must present "unusual circumstances" or an "unusual situation" where a debtor and non-debtor are sued by a creditor in the same or a similar action and the surrounding facts and circumstances warrant extending the stay's protection to the non-debtor. *See A.H. Robins*, 788 F.2d at 999. This exception does not apply here. Critically, the stay will not be extended to non-debtor co-defendants if they have individual liability. *See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 142 (10th Cir. 1994). In any event, the **non-debtor** claiming the exception's applicability has the burden of proof. *In re Divine Ripe, L.L.C.*, 538 B.R. 300, 302 (Bankr. S.D. Tex. 2015).

---

[5] *See generally Motion to Extend the Automatic Stay under 11 U.S.C. Section 362(a) to an Ongoing Arbitration* (ECF No. 14).

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION**   **Page 6**

4853-2450-6573.4

14. Here, the Plano TIC Owners do not need to be successful against the Debtors in order for liability to attach to the Individual Defendants. That is because the Individual Defendants are liable for their own torts and violations of federal and state securities laws. For that reason alone, the Motion should be denied.

15. Moreover, the Individual Defendants' case law and rationale they rely upon are distinguishable. Mainly, all but one of the cases extending the stay when indemnification is at issue involved a Chapter 11 reorganization—which is not the case here.[6] Debtors seek to liquidate under the control of the Chapter 7 Trustee as an independent fiduciary. The Individual Defendants have been displaced of their control over the Debtors. The Individual Defendants have no management role at present (as opposed to the continuing managerial control and decision making held by a debtor-in-possession in a Chapter 11).[7] Judicial economy and fairness are achieved by continuing to allow the Plano TIC Owners (most of whom are elderly and some of whom had their life savings stolen) to prosecute their claims against the Individual Defendants in the Texas Lawsuit. Indeed, in this case, justice delayed is justice denied.

16. Finally, the Individual Defendants cannot meet their burden of proof that they are entitled to advancement or indemnification. No corporate governing documents are in evidence that prove the Individual Defendants' legal expenses must be advanced. Indeed, RDFP's (the primary corporate culprit) bylaws are not even offered into evidence. Advancement is simply optional.[8] Statutorily, the Individual Defendants may only receive advancement if they provide

---

[6] *See Motion of the Unbuilt TIC Owners and the Carmel TIC Owners for Order Expressly Limiting Automatic Stay to Proceedings Against Debtor Entities* at 8-9 (ECF No. 16).

[7] *Id.* at 10

[8] *Motion to Extend the Automatic Stay under 11 U.S.C. Section 362(a) to an Ongoing Arbitration* at Exhibit C § 5.2 (ECF No. 14-1).

---

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION**    **Page 7**

4853-2450-6573.4

written affirmation and undertaking in compliance with Revised Business Corporation Act Section 16-10a-904. Similarly, indemnification requires satisfaction of a vote in accordance with Revised Business Corporation Act Section 16-10a-906. The Individual Defendants offer no such evidence of either. Moreover, indemnification is optional if the Individual Defendants acted in "good faith" and is mandatory if they are successful on the merits of their defense. *See* Utah Code Ann. §§ 16-10a-902, 16-10a-903. As to the former, the trustee can simply refuse to indemnify the Individual Defendants. As to the latter, the Individual Defendants' arguments are premature since there has been no adjudication. Put simply, if the Individual Defendants eventually have a valid indemnification claim, then they can submit their claims like every other creditor.

## IV. JOINDER WITH UNBUILT TIC OWNERS

17. On September 24, 2020, Unbuilt TIC Owners and the Carmel TIC Owners filed a joint Motion for Order Expressly Limited Automatic Stay to Proceedings Against Debtor Entities ("**TIC Owners Motion**") (ECF No. 16). The Plano TIC Owners join the TIC Owners Motion and seek an order expressly limiting the reach of the automatic stay in this case to proceedings against the Debtors and Debtor entities only and expressly excepting from the stay all proceedings against non-debtor parties, including but not limited to the Individual Defendants (including, without limitation, the Debtors' principals, Jordan Nelson, Christopher Ashby, and Scott Beynon).

*[Signature page to follow]*

## V. PRAYER

**WHEREFORE**, the Plano TIC Owners respectfully request that the Court sustain the Plano TIC Owners' objections, deny the Motion in its entirety, grant the TIC Owners Motion, enter an order that expressly limits the stay to the Debtors only, and grant the Plano TIC Owners all such other and further relief as the Court deems just and proper.

DATED: October 5, 2020

Respectfully submitted:

By: */s/ Brittany J. Nelson*
    Brittany J. Nelson (USB No. 09937)

**FOLEY & LARDNER LLP**
3000 K Street NW, Suite 600
Washington, DC 20007-5109
Telephone: 202-672-5300
Facsimile: 202-672-5399
BNelson@foley.com

**COUNSEL FOR J & J REAL ESTATE INVESTMENTS, LLC, TOWN AND CAMPUS, INC. CRAIG A. COUSINS, TRUSTEE OF THE CRAIG A. COUSINS TRUST, KENT SEYMOUR, TRUSTEE OF THE KENT S. SEYMOUR AND DONNA G. SEYMOUR FAMILY TRUST, BRUCE ROSE, TRUSTEE OF THE ROSE FAMILY TRUST, JOHN T. BARNETT, PATRICIA A. BARNETT, CYNTHIA A. WOLZ, ELDRIDGE HOLDINGS TOO LLC, AND XENOCORP, LLC**

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION**    **Page 9**

4853-2450-6573.4

# CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2020, I electronically filed the foregoing **OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION AND JOINDER OF THE UNBUILT TIC OWNERS AND THE CARMEL TIC OWNERS FOR ORDER EXPRESSLY LIMITING AUTOMATIC STAY TO PROCEEDINGS AGAINST DEBTOR ENTITIES** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Steven R. Bailey tr** trusteebailey@baileylaw.org, UT06@ecfcbis.com
- **Andres' Diaz** courtmail@adexpresslaw.com
- **Wesley D. Felix** wfelix@deisslaw.com, nburza@deisslaw.com
- **Reid W. Lambert** rlambert@strongandhanni.com, tlawrence@strongandhanni.com
- **Chad S Pehrson** cpehrson@parrbrown.com
- **United States Trustee** USTPRegion19.SK.ECF@usdoj.gov

                                                */s/ Brittany J. Nelson*
                                                  Brittany J. Nelson

**OBJECTION TO MOTION BY DEBTORS' OFFICERS AND DIRECTORS TO EXTEND THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(A) TO AN ONGOING ARBITRATION**     **Page 10**

4853-2450-6573.4