Blake D. Miller (#4090)
Deborah R. Chandler (#12057)
**ANDERSON & KARRENBERG**
50 West Broadway, Suite 600
Salt Lake City, Utah  84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697
Email: bmiller@aklawfirm.com
Email: dchandler@aklawfirm.com

Attorneys for Steven R. Bailey,
Chapter 7 Trustee

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>ROCKWELL DEBT FREE PROPERTIES, INC.,<br><br>   Debtor. | Bankruptcy No. 20-25326 (KRA)<br><br>Chapter 7<br><br>Honorable Kevin R. Anderson |
| STEVEN R. BAILEY, Chapter 7 Trustee,<br><br>  Plaintiff,<br><br>v.<br><br>PAULA PETERSEN and MARK PETERSEN,<br><br>  Defendants. | |

### COMPLAINT

---

1

Steven R. Bailey, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Rockwell Debt

Free Properties, Inc., complains of the Defendants Paula Petersen and Mark Petersen and alleges

as follows:

## JURISDICTION, VENUE, AND PARTIES,

1.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2.      The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334 (b), 28

U.S.C. § 157 (a), and D.U.Civ.R. 83-7.1, the general order of reference.

3.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      Steven Bailey is the duly appointed Chapter 7 Trustee for the bankruptcy estate of

Rockwell Debt Free Properties, Inc ("Debtor"), a Utah corporation.

5.      From approximately January 2015 to February 2019, Debtor sold tenant-in-

common ("TIC") real property interests in properties that typically were used as commercial

event centers.

6.      Defendant Paula Petersen is a Utah resident and served as an officer and director

of Debtor or one of its related entities.

7.      Defendant Mark Petersen is a Utah resident and the husband of Paula Petersen.

8.      Upon information and belief, Defendants were also shareholders of Debtor.

## FACTUAL ALLEGATIONS

9.      The Debtor commenced this case under Chapter 7 of the Bankruptcy Code by

filing a voluntary petition on September 2, 2020.  The Trustee was subsequently appointed as

Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

Defendants were insiders of the Debtor within the meaning of 11 U.S.C. § 101(31).

10.     Defendants were insiders within the meaning of the Utah Uniform Voidable Transactions Act (the "**UVTA**") under Utah Code Ann. § 25-6-102(8)(d) and (e) because they were either a director or officer of the debtor, a person in control of the debtor, or a relative of a general partner, director, officer, or person in control of the Debtor.

11.     On the dates indicated below, the Debtor made the following transfers to or for the benefit of the Defendants, as applicable (collectively, the "Transfers"):

| 12. **Date** | **Payee** | **Amount** |
|---|---|---|
| **9/29/2016** | Mark & Paula Petersen | 10,000.00 |
| **11/1/2016** | Mark & Paula Petersen | 10,000.00 |
| **12/1/2016** | Mark & Paula Petersen | 10,000.00 |
| **12/22/2016** | Mark & Paula Petersen | 10,000.00 |
| **12/29/2016** | Mark & Paula Petersen | 7,500.00 |
| **2/1/2017** | Mark & Paula Petersen | 7,500.00 |
| **3/1/2017** | Mark & Paula Petersen | 7,500.00 |
| **3/30/2017** | Mark & Paula Petersen | 7,500.00 |
| **4/17/2017** | Mark & Paula Petersen | 210,000.00 |
| **5/1/2017** | Mark & Paula Petersen | 7,500.00 |
| **6/1/2017** | Mark & Paula Petersen | 7,500.00 |
| **6/29/2017** | Mark & Paula Petersen | 7,500.00 |
| **8/1/2017** | Mark & Paula Petersen | 7,500.00 |
| **8/31/2017** | Mark & Paula Petersen | 7,500.00 |
| **9/29/2017** | Mark & Paula Petersen | 7,500.00 |

| | | |
|---|---|---|
| **11/1/2017** | Mark & Paula Petersen | 7,500.00 |
| **11/30/2017** | Mark & Paula Petersen | 7,500.00 |
| **12/27/2017** | Mark & Paula Petersen | 10,000.00 |
| **12/29/2017** | Mark & Paula Petersen | 7,500.00 |
| **2/1/2018** | Mark & Paula Petersen | 7,500.00 |
| **3/1/2018** | Mark & Paula Petersen | 7,500.00 |
| **3/30/2018** | Mark & Paula Petersen | 7,500.00 |
| **4/11/2018** | Mark & Paula Petersen | 215,000.00 |
| **5/1/2018** | Mark & Paula Petersen | 7,500.00 |
| **5/31/2018** | Mark & Paula Petersen | 7,500.00 |
| **6/29/2018** | Mark & Paula Petersen | 7,500.00 |
| **8/1/2018** | Mark & Paula Petersen | 30,000.00 |
| **8/30/2018** | Mark & Paula Petersen | 30,000.00 |
| **10/1/2018** | Mark & Paula Petersen | 30,000.00 |
| **11/1/2018** | Mark & Paula Petersen | 30,000.00 |
| **12/31/2018** | Mark & Paula Petersen | 7,500.00 |
| **1/31/2019** | Mark & Paula Petersen | 7,500.00 |
| **2/28/2019** | Mark & Paula Petersen | 2,500.00 |
| **TOTAL** | | **$755,000.00** |

## FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 548—Fraudulent Transfer)

13.    Trustee incorporates by reference the allegations contained in the prior paragraphs.

14.    Under section 544(b)(1) of the Bankruptcy Code, the "trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim."

15.    Under section 544(b)(2), the "trustee may avoid any interest of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 . . . or that is not allowable only under section 502(e) of this title."

16.    Under the UVTA, Utah Code Ann. § 25-6-202(1)(b) and section 548(a)(1)(b) of the Bankruptcy Code, the Debtor may avoid any transfer made without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

> (i)    was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

> (ii)   intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Utah Code Ann. § 25-6-202(1)(b).

17.    Alternatively, under Utah Code Ann. § 25-6-203(1), a transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:

(a) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and

(b) the debtor was insolvent at the time or became insolvent as a result of the transfer or obligation.

18.     The Debtor's creditors held undisputed antecedent debts against the Debtor before, during, and after each of the Transfers. Such creditors hold unsecured claims allowable under 11 U.S.C. § 502 or that is not allowable only under 11 U.S.C. § 502(e).

19.     The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

20.     The services, goods or other value allegedly provided by Defendants were not of a reasonably equivalent value to the Debtor for the Transfers.

21.     The Transfers were made (a) at a time when the Debtor was engaged or was about to engage in business and transactions for which the remaining assets of the Debtor were unreasonably small in relation to the business and transactions, (b) at a time when the Debtor intended to incur, or believed or should reasonably have believed that it would incur, debts beyond its ability to pay as they became due, (c) at a time when the Debtor was insolvent or (d) with the result that the Debtor became insolvent as a result of the Transfers.

22.     As such, the Transfers are fraudulent transfers under 11 U.S.C. § 548 and the UVTA, and should be avoided such that the Transfers are transferred back to the Trustee for the benefit of the bankruptcy estate under 11 U.S.C. §§ 550 and 551 as applicable.

## <u>SECOND CLAIM FOR RELIEF</u>
### (11 U.S.C. §§ 550 & 551—Transferee Liability and Preservation)

23.     Trustee incorporates by reference the allegations contained in the prior paragraphs.

24.     The Defendants are the initial transferees of the Transfers.

25.     Pursuant to 11 U.S.C. § 550, the Trustee may recover from each of the

Defendants the Transfers to such Defendant or their value.

26.     Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the

Estate.

**THIRD CLAIM FOR RELIEF**
**(11 U.S.C. §§ 542—Turnover)**

27.     Trustee incorporates by reference the allegations contained in the prior

paragraphs.

28.     To the extent that any Defendant is in possession or control of the funds

transferred and such Transfers are avoided, such funds are property of the Estate (the "Funds").

29.     The Estate's interest in the Funds is property that the Trustee may use under 11

U.S.C. § 363.  The Estate's interest in the funds is property that is not of inconsequential value.

30.     The Trustee is entitled to a judgment ordering each Defendant to turn over the

Estate's interest in the Funds with no reduction for any dissipation or transfers of the Funds from

the Petition Date to the present.

**FOURTH CLAIM FOR RELIEF**
**(11 U.S.C. §§ 502(d)—Disallowance of Claims)**

31.     Trustee incorporates by reference the allegations contained in the prior

paragraphs.

32.     Pursuant to 11 U.S.C. § 502, any and all claims of Defendants against the Estate

must be disallowed until such time as Defendants pay to the Trustee the amounts equal to the

value of the Transfers.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Trustee requests entry of a judgment in its favor against the Defendants as follows:

a.      For avoidance of the Transfers;

b.      For recovery of the Transfers or the value of the Transfers against Defendants and any of their mediate or immediate transferees;

c.      To the extent any Defendant has possession or control of the Funds, ordering that Defendant to turn over the Funds with no reduction for any dissipation or transfer from the time that Defendant received the Funds to the present;

d.      Disallowing any claims of any Defendant that refuses to turn over the value of the Transfers to the Trustee.

e.      For pre- and post-petition interest on the amounts owed by Defendants to the full extent allowed under applicable law at the highest legal rate; and

f.      For an award of costs and fees incurred in bringing this Complaint.

**DATED**: September 2, 2022.

**ANDERSON & KARRENBERG**


/s/ Deborah R. Chandler
Blake D. Miller
Deborah R. Chandler
Attorneys for Steven R. Bailey, Trustee