Jonathan O. Hafen (6096) jhafen@parrbrown.com
Thomas M. Melton (4999) tmelton@parrbrown.com
Robert G. Wing (4445) rwing@parrbrown.com
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840

*Attorneys for Defendant Jordan S. Nelson*

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br>ROCKWELL DEBT FREE PROPERTIES, INC.,<br>　　　　　　Debtor. | Bankruptcy No. 20-25326 (KRA)<br><br>Chapter 7<br><br>Honorable Kevin R. Anderson |
| STEVEN R. BAILEY, Chapter 7 Trustee,<br>　　　　　　Plaintiff,<br>　　　　　　v.<br>JORDAN S. NELSON,<br>　　　　　　Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

**STATEMENT OF SPECIFIC RELIEF SOUGHT AND GROUNDS**

Jordan S. Nelson hereby moves to stay these proceedings against him. Mr. Nelson was recently indicted in a matter involving the same conduct at issue in the Trustee's claim against him in this proceeding. Mr. Nelson vigorously denies the allegations both in the indictment and in the Trustee's complaint. Because of the overlap of issues and the burden this proceeding

4855-4593-3952

would place on Mr. Nelson, because this action would implicate his Fifth Amendment rights, and in the interest of justice, he requests a stay.

## FACTS

1. Steven R. Bailey, the Chapter 7 Trustee ("Trustee") filed this adversary proceeding against Mr. Nelson and others on September 2, 2022 ("the Complaint"). However, he did not serve the Complaint until on or around December 21, 2022. See Response to Order to Show Cause, Doc. 4, Filed 7/25/2023.

2. Mr. Nelson and the Trustee have been in contact since that time, but no answer or responsive pleading has been filed.

3. The Complaint alleges that from September 29, 2016 to June 27, 2019, Mr. Nelson received $1,465,955 from the Debtor. Complaint, paragraph 12.

4. The Complaint alleges these transfers were fraudulent under section 544(b) of the Bankruptcy Code and the Utah Voidable Transactions Act. Complaint, First Claim for Relief.

5. The Complaint alleges the Debtor did not receive reasonably equivalent value for these transfers. *Id*.

6. On July 26, 2023, the United States Attorney filed an indictment against Mr. Nelson and others. A copy of the indictment is attached as Exhibit A.

7. The indictment alleges that William J. Bowser founded Noah Corporation and that Bowser, Mr. Nelson, and others made material misrepresentations and omissions to sell tenant-in-common interests in Noah event centers. Indictment, paragraph 2.

8. The indictment also alleges that each of the Defendants misappropriated and diverted investor funds to pay large commissions, Noah's operations, prior investors, construction costs, and rents. Indictment, paragraph 3.

9. The indictment also contains a Notice of Intent to Seek Forfeiture. It seeks from Mr. Nelson all property that constitutes or is derived from proceeds traceable to transactions with Noah. Indictment, page 25.

## ARGUMENT

The Trustee asserts that Mr. Nelson received more than $1.4 million from the Debtor without giving reasonably equivalent value. The Indictment asserts that Mr. Nelson's conduct with respect to these same transactions was criminal. Mr. Nelson denies these allegations. Because the Trustee's claim and the Indictment assert overlapping facts, Mr. Nelson faces an untenable choice: give up his Fifth Amendment rights or face the possibility of an adverse inference in this case. Mr. Nelson asks this Court, in the interests of justice, to stay this proceeding pending resolution of the Indictment so he can effectively defend both actions.

A court may stay a proceeding in the interests of justice if it determines that a party's Fifth Amendment rights are implicated. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009). "Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (internal citations omitted).

Courts consider a number of factors, including: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether there has been an indictment; (3) the interests of, prejudices to, and burden on the plaintiff; (4) the interests

of and burden on the defendant; (5) the interest of the court; and (6) the public interest. *Abner v. Houston*, Case No. 4:22-cv-000096-DN-PK, 2023 WL 4186319 (D. Utah June 26, 2023). The strongest case for a stay is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. *SEC v. Dresser Indus*. 628 F.2d 1368, 1375 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980). Based on these factors, this case should be stayed.

The first issue a decisionmaker should consider is the extent to which a defendant's Fifth Amendment rights are implicated by parallel criminal and civil proceedings. *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995). Where discovery or testimony provided in the civil case could potentially be used against a defendant in a criminal case, his Fifth Amendment rights are substantially implicated. *Mann v. Garcia*, 1:21-cv-00764-AWI-EPG (PC) (E.D. Cal. Feb. 9, 2022). The Fifth Amendment is implicated when parallel proceedings are "based on the same set of facts." *Id*. (citation omitted).

In this case, the Trustee alleges that Mr. Nelson received money from the Debtor, Rockwell Debt Free Properties, Inc. and that the money received constituted a fraudulent transfer. Evidence that a defendant fraudulently transferred assets might be used to prove that he intended to commit the fraudulent acts alleged in the indictment, or had a plan to conceal fraudulently obtained assets. "This evidence would clearly jeopardize [a defendant's] Fifth Amendment rights." *In re Zinnel*, No. 2:12-cv-00249-MCE, 2013 WL 1284339, at *4 (E.D. Cal. Mar. 28, 2013).

Mr. Nelson has a complete defense to these allegations: the money he received was taken in good faith and for reasonably equivalent value. The indictment accuses Mr. Nelson of fraud in

connection with Rockwell. The same evidence that would bear on Mr. Nelson's good faith defense will also bear on his defense to the indictment.

In addition, the indictment contains a notice of intent to seek forfeiture of any property that is derived or is traceable to what it terms the scheme to defraud. This is the same property the Trustee seeks in the Complaint. In this way, too, the parallel proceedings are based on the same set of facts and Mr. Nelson's Fifth Amendment rights are at issue. Where the government seeks forfeiture of the assets sought in an adversary proceeding, a stay is warranted. *Id*.

Even where the specific allegations of the indictment and an adversary proceeding differ, the bankruptcy litigation may seriously implicate a defendant's Fifth Amendment rights. Where a defendant is criminally accused of engaging in an enterprise through which he allegedly obtained assets and a trustee seeks to recover these assets and to prevent the defendant from fraudulently transferring them, the defendant's Fifth Amendment rights are implicated. This weighs strongly in favor of staying the bankruptcy proceeding pending the resolution of the related criminal charges. *Id*.

The indictment against Mr. Nelson was filed on July 26, 2023. Although this case was filed on September 2, 2022, and served in December, there has been little activity in it. No answer or dispositive motion has been filed.

The Trustee has an interest in proceeding expeditiously to trial, but that interest is slight when balanced against a more recent indictment. *Id*. "[M]ere delay is not sufficient to establish prejudice to Plaintiffs." *Taylor v. Ortiz,* Civ. No. 21-cv-19445 (SDW)(LDW), 2023 WL 5321056, *3 (D. N.J. August 13, 2023).

Mr. Nelson has a strong interest in staying this proceeding. Allowing a civil case to proceed in parallel with a criminal prosecution effectively forces a defendant to choose between defending himself in the civil case and preserving his Fifth Amendment rights. *S.E.C. v. Alexander*, 10-CV-04535-LHK, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010). Even if Mr. Nelson invokes his Fifth Amendment privilege in this case, discovery as to non-party witnesses would prejudice him. In using discovery to mount his defense in this case, Mr. Nelson will be forced to expose the basis of his defense to the criminal charges. *Id*. And, permitting the Trustee to engage in broad civil discovery would unfairly expand the scope of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b). "This factor weighs strongly in favor of a stay." *Zinnel*, at *5

While a court has an interest in clearing its docket, staying a parallel civil proceeding in its early stages may prove more efficient in the long run. Allowing the criminal action to proceed first may narrow the issues and streamline discovery in the civil proceeding. *Douglas v. United States*, Nos. C 03-04518, C 04-05357, 2006 WL 2038376, at *5 (N.D. Cal. July 17, 2006). Additionally, collateral estoppel based on findings in the criminal case may expedite resolution of the civil case. *S.E.C. v. Nicholas*, 546 F.Supp.2d 1065, 1070 (D.D. Cal. 2008).

The public has an interest in the resolution of claims, but that interest pales in comparison to the public interest in resolving criminal proceedings. That factor therefore favors a stay as well. *Zinnel*, at *6.The public has an interest in ensuring that criminal proceedings are not impacted by the effects of ongoing, broad civil discovery on related matters. *Taylor*, at *3.

## CONCLUSION

"Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser*, 628 F.2d at 1376. This matter exemplifies that strongest case. Mr. Nelson requests that this Court exercise its discretion to stay this matter.

RESPECTFULLY SUBMITTED this 2nd of October 2023.

                            PARR BROWN, GEE & LOVELESS, P.C.

                            By: */s/ Robert G. Wing*
                                Jonathan O. Hafen
                                Thomas M. Melton
                                Robert G. Wing
                                *Attorneys for Jordan S. Nelson*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the above MEMORANDUM IN SUPPORT OF MOTION TO STAY was electronically filed with the Clerk of the Court through the CM/ECF system on October 2, 2023, which sent notice of the electronic filing to all counsel of record.

*Robert G. Wing*