Blake D. Miller (#4090)
Deborah R. Chandler (#12057)
**ANDERSON & KARRENBERG**
50 West Broadway, Suite 600
Salt Lake City, Utah  84101
Telephone: (801) 534-1700
Facsimile: (801) 364-7697
Email: bmiller@aklawfirm.com
Email: dchandler@aklawfirm.com

Attorneys for Steven R. Bailey,
Chapter 7 Trustee

---

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>ROCKWELL DEBT FREE PROPERTIES, INC.,<br><br>Debtor. | Bankruptcy No. 20-25326 (KRA)<br><br>Chapter 7<br><br>Honorable Kevin R. Anderson |

**MOTION FOR 1) ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND PURCHASER OF REAL PROPERTY FROM THE DEBTOR LOCATED IN CHESAPEAKE, VIRGINIA AND 2) APPROVAL TO SELL BANKRUPTCY ESTATE PROPERTY PURSUANT TO TERMS OF SETTLEMENT AGREEMENT**

---

Pursuant to 11 U.S.C. §§ 105 and 363, along with Federal Rules of Bankruptcy Procedure 2002(a)(2), 6004(a), (h), and 9019, Steven R. Bailey ("Trustee"), as trustee of the Chapter 7 bankruptcy estate of Rockwell Debt Free Properties, Inc. ("Debtor"), hereby moves the Court for an Order approving a settlement agreement between the Trustee and the purchaser of certain real estate of the Debtor, located at 631 Independence Parkway, Chesapeake, Virginia and approval to

sell the estate's 10.47% interest in the said property pursuant to the terms and conditions set forth below:

In support of the proposed settlement agreement and resulting sale, Trustee represents and respectfully provides as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. The Debtor commenced this case under Chapter 7 of the Bankruptcy Code by filing a voluntary petition on September 2, 2020. The Trustee was subsequently appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

5. The Debtor formerly owned certain real property located at 631 Independence Parkway, Chesapeake, Virginia Chesapeake, VA, (the "Real Property"), described as follows:

ALL THAT certain lot, piece or parcel of land, lying, situate and being in the City of Chesapeake, Virginia, and being known, numbered and designated as "PARCEL 9B-1" on the subdivision plat titled "AC# 162005-01 SUBDIVISION PLAT OF PARCEL 9B SUBDIVISION OF PARCEL 9 (M.B. 147, P.2) SUBDIVISION OF PARCEL 8, 9 AND 10 BATTLEFIELD CORPORATE CENTER (M.B. 141, P. 26) TM#0360000003730" dated December 29, 2015, revised through April 29, 2016, prepared by Rouse-Sirine Associates, Ltd., and recorded in the Office of the Clerk of the Circuit Court of the City of Chesapeake, Virginia (the "Clerk's Office") in Map Book 00162, at Pages 0008-0009.

IT BEING a portion of the same property conveyed to ROCKWELL CHESAPEAKE, LLC, a Utah limited liability company from INTERSTATE LAND, L.C. a Virginia limited liability

2

company, by deed dated May 26, 2016, and recorded in the Clerk's Office of the Circuit Court for the City of Chesapeake, Virginia, in Deed Book 09657, at Pages 1820-1824.

6. In 2016, the Debtor sold the Real Property to multiple parties as tenants in common, including Frederic Jay Gregory (the "Purchaser") as to a 10.47% interest in the Real Property.

7. As has been the case with other properties, there were errors made in conveying the Real Property to the Purchaser. Although Purchaser paid for his interest in the Real Property, he did not receive a recorded deed at all (the "Recording Errors").

## THE SETTLEMENT AND PROPOSED SALE TERMS

11. Subject to this Court's approval, the Trustee has agreed to sell the estate's interest in the Real Property on the following terms and conditions:

    A. Within three business days of this Court's approval of the proposed sale, the Purchaser shall pay the Trustee $55,000.00 (the "Sale Amount"). This is a cash sale with no contingencies. The Trustee has agreed to seek this Court's approval promptly.

    B. Upon the Trustee's receipt of the Sale Amount, he shall execute and deliver to counsel for the Purchaser the deed attached as Exhibit A (the "Deed"). Counsel for the Purchaser will cause each of the Deeds to be promptly recorded with the Chesapeake County Clerk.

    C. The Trustee will, from and after Bankruptcy Court approval of this Agreement, reasonably cooperate with the Purchaser to the extent necessary to correct any minor typographical errors or other minor problems to effectuate the Purchaser's interest in the Real Property and the recording of appropriate deeds, which may be in addition to the Deed for these purposes. The cooperation required by this paragraph shall be at no cost to the Trustee.

3

D. The Trustee does not anticipate that there will be any costs or expenses of sale, nor are there any known liens, interests, or encumbrances against the Real Property.

E. The Real Property is being sold by Trustee to the Purchaser in "as is, where is" condition with no warranties, expressed or implied.

F. In Trustee's business judgment, the Purchaser's offer is the best offer received to date.

G. Purchaser is a disinterested third party and the sale is being conducted at arms' length.

H. Trustee believes the Purchase Price reflects the fair market value for the interest in the Real Property based on recent information and under the circumstances, taking into consideration that the estate's ownership of the Real Property is subject to claims by the proposed Purchaser.

## DISCUSSION

1. In considering a proposed settlement, this Court applies the factors articulated in *In re Kopexa Realty Venture Co.*, 213 B.R. 1020 (B.A.P. 10th Cir. 1997). These factors are: (1) the probable success of the underlying litigation on the merits; (2) the possible difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interests of creditors in deference to their reasonable views. *Id.* at 1022. These factors weigh in favor of approving the settlement described above.

2. With regard to the probable success on the merits, the Trustee believes if there were no settlement, then there would be potential disputes between the Trustee and the Purchaser concerning the Recording Errors. Certainly, the Trustee could contend that his percentage interest in the Real Property belongs to the Debtor's bankruptcy estate because as of the Debtor's

4

petition date, a deed transferring the interest had not been recorded. However, taking such a position would make the Purchaser a victim twice over. Once having invested into real estate which was supposed to be rented to generate substantial rental income; and the second time by depriving the Purchaser entirely of his investment and interest in the Real Property. Furthermore, Purchaser argues that the Debtor held at best bare legal title, subject to a constructive or resulting trust with a duty to convey to the Purchaser. On balance, the Trustee submits that this factor weighs in favor of approving the settlement.

3. Difficulty in the collection of a judgment is not a relevant factor in the Trustee's evaluation of the settlement.

4. Litigation of this matter would be complex and expensive. The litigation of Purchaser's constructive and resulting trust theories, and similar equitable doctrines, would be inherently fact-intensive. Furthermore, the Debtor's bankruptcy estate does not presently have a large amount of money on hand to fund litigation costs.

5. With respect to the interests of creditors, the Trustee submits that the proposed settlement is in the best interests of creditors and should be approved. In particular, approval of this settlement will enable the Trustee to more expeditiously close this Estate and make his final distribution to creditors. The proposed settlement is also very similar in economic terms to the settlements the Court previously approved with respect to other similarly situated parties who purchased real estate from Debtor (*see* Dockets No. 73, 80, 83, 94). Furthermore, absent the settlement, in addition to the expense of litigation, even if the Trustee were to prevail in litigation with the Purchaser, the estate would own a minority percentage interest in a building with no

4872-8741-1365, v. 1

rights to control, but would be responsible for the Debtor's share of taxes, insurance, management fees, and other costs, thus further reducing the return to creditors.

6. 11 U.S.C. § 363(b)(1) provides that a "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

7. In order to approve a sale of a debtor's assets outside the ordinary course of business, a trustee must show that: (a) a sound business reason exists for the sale; (b) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the debtor's relationship with the buyer; (c) the sale price is fair and reasonable; and (d) the proposed buyer is proceeding in good faith. *In re Med. Software Sols.*, 286 B.R. 431, 439–40 (Bankr. D. Utah 2002).

8. In this case, the proposed sale meets all four factors. Accordingly, Trustee respectfully submits that the proposed sale should be approved, and Trustee should be authorized to sell the estate's 10.47% interest in the Real Property to the Purchaser for the Sale Price in accordance with the settlement terms.

**A. Sound Business Purpose**

9. Courts show great deference to a trustee's decisions. *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). Additionally, a "presumption of reasonableness" attaches to the decisions of those controlling a debtor. *In re John-Mansville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986).

10. Trustee submits that the proposed sale to Purchaser is based on sound business judgment, and Trustee has made an independent and informed decision based on his knowledge of the Real Property and the circumstances of Debtor's original sale to the Purchaser. A sale of

6

the Real Property to a third party would not allow for a settlement of the Purchaser's claims regarding the Real Property. Trustee believes the proposed sale is the best way to maximize any interest of the estate in the Real Property for the benefit of Debtor's bankruptcy estate and creditors. For these reasons, Trustee asserts that there is a sound business purpose for the proposed sale of the estate's interest in the Real Property to Purchaser.

### B.     Notice of the Proposed Sale Is Appropriate

11.    Trustee submits that he is providing adequate and reasonable notice of the proposed sale to all parties-in-interest associated with this case, including full disclosure of the material sale terms and the fact that Trustee has no relationship with Purchaser. Trustee will serve (concurrently with filing this motion) a notice of hearing upon (a) all creditors and parties-in-interest; (b) all parties who have requested notice in this case; and (c) the office of the United States Trustee.

12.    The notice of hearing will provide, among other things, (a) a description of the Real Property and a general overview of the material terms of the proposed sale; (b) notice of the deadline to object to the proposed sale; and (c) notice of the sale procedures. Therefore, Trustee submits that he is providing adequate and reasonable notice of the sale in compliance with 11 U.S.C. § 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

### C.     Fair and Reasonable Price

13.    Trustee believes in an exercise of his business judgment that the proposed sale of the estate's interest in the Real Property to Purchaser has produced a sales price that is fair and reasonable based on information provided to him, and under the unique circumstances surrounding the ownership of the Real Property.

### D. Good Faith Purchaser

14. The estate's interest in the Real Property will be sold to a good faith purchaser. Although the Bankruptcy Code does not define "good faith," the Court of Appeals for the Tenth Circuit has determined that, in the context of 11 U.S.C. § 363(m), a "good faith" purchaser is "one that buys in good faith, and for value." *Tompkins v. Frey (In re Bel Air Assocs., Ltd.),* 706 F.2d 301, 304 (10th Cir. 1983). Actions that destroy a purchaser's good faith include "fraud, collusion between the purchaser and other bidders or trustee, or an attempt to take grossly unfair advantage of other bidders." Id. at 305 n. 11 (citation omitted); *In re Lotspeich*, 328 B.R. 209 (B.A.P. 10th Cir. 2005).

15. As set forth above, Trustee is not aware of any collusion with regard to the sale that would prevent the sale under 11 U.S.C. § 363(m) since Trustee has no relationship with Purchaser. Trustee and Purchaser have negotiated the proposed sale in good faith and at arms' length. Thus, Trustee submits that Purchaser is a good faith Purchaser within the meaning of 11 U.S.C. § 363(m).

16. Finally, the Trustee requests a waiver of the 14-day stay otherwise applicable under Bankruptcy Rule 6004(h) for cause. Specifically, a closing of the sale of the Real Property is scheduled for March 22, 2024, and absent a waiver of the stay it would be impossible to comply with this deadline, in which case the sale of the Real Property could fail.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order approving the settlement as selling the estate's interest in the Real Property in accordance with the terms described above.

8

**DATED**: February 16, 2024  **ANDERSON & KARRENBERG**

/s/ Deborah R. Chandler
Blake D. Miller
Deborah R. Chandler
Attorneys for Steven R. Bailey, Trustee

9

4872-8741-1365, v. 1

## CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

       I certify that on February 16, 2024, I electronically filed the foregoing MOTION FOR 1) ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND PURCHASER OF REAL PROPERTY FROM THE DEBTOR LOCATED IN CHESAPEAKE, VIRGINIA AND 2) APPROVAL TO SELL BANKRUPTCY ESTATE PROPERTY PURSUANT TO TERMS OF SETTLEMENT AGREEMENT with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

Steven R. Bailey tr, karen@baileylaw.org, UT06@ecfcbis.com
Deborah Rae Chandler, dchandler@aklawfirm.com
Andres' Diaz, courtmail@adexpresslaw.com
Wesley D. Felix, wfelix@felixweinberg.com
Reid W. Lambert, rlambert@strongandhanni.com, tlawrence@strongandhanni.com
Brandon C. Marx, bmarx@foley.com
Blake D. Miller, bmiller@aklawfirm.com, millermobile@gmail.com; miller.blaked@gmail.com
Brittany J Nelson, bnelson@foley.com, tscannell@foley.com, hsiagiandraughn@foley.com, acordero@foley.com
Chad S Pehrson, cpehrson@kba.law, kslade@kba.law, dschanuel@kba.law, jnishiguchi@kba.law
United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
Brenda E. Weinberg, bweinberg@felixweinberg.com

                                                      /s/ Deborah R. Chandler

# Exhibit "A"

Prepared by:
George Hofmann
Cohne Kinghorn, PC
111 East Broadway, 11th Floor
Salt Lake City, UT 84111

WHEN RECORDED RETURN TO:
First American Title Insurance Company
215 S. State Street, Suite 380
Salt Lake City, Utah 84111
Attn: Alisha White

SEND TAX NOTICES TO:
Frederic Jay Gregory
PO Box 83
Lineville, IA 50147

Tax Map Number: 0360000003730

Consideration $609,832.70
Assessed Value $609,832.70
Title Insurer: First American Title Insurance Company File 738409-A

## TRUSTEE'S DEED

This Trustee's Deed is made and executed the _____ day of _____, 2024 by Steven R. Bailey, in his capacity as trustee of the chapter 7 bankruptcy estate of Rockwell Chesapeake, LLC, a Utah limited liability company ("Grantor"), in favor of **FREDERIC JAY GREGORY** as to an undivided **10.47% interest** ("Grantee"), as follows:

**WHEREAS**, on September 2, 2020, Rockwell Debt Free Properties, Inc., a Utah corporation (the "Debtor") filed a voluntary petition under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court"), thereby initiating Bankruptcy Case No. 20-25326 (the "Bankruptcy Case");

**WHEREAS**, on September 22, 2020, Grantor was appointed as the trustee of the Debtor's chapter 7 bankruptcy estate, and Grantor continues to serve in that capacity;

**WHEREAS**, by Order of the Court dated _____, 202_, [Docket No. 20-25326] (the "Order"), Grantor was, and is, duly authorized to convey the Debtor's right, title and interest in that certain real property located in **the City of Chesapeake, Virginia**, and more particularly described as follows:

ALL THAT certain lot, piece or parcel of land, lying, situate and being in the City of Chesapeake, Virginia, and being known, numbered and designated as "PARCEL 9B-1" on the subdivision plat titled "AC# 162005-01 SUBDIVISION PLAT OF PARCEL 9B SUBDIVISION OF PARCEL 9 (M.B. 147, P.2) SUBDIVISION OF PARCEL 8, 9 AND 10 BATTLEFIELD CORPORATE CENTER (M.B. 141, P. 26) TM#0360000003730" dated December 29, 2015, revised through April 29, 2016, prepared by Rouse-Sirine Associates, Ltd., and recorded in the Office of the Clerk of the Circuit Court of the City of Chesapeake, Virginia (the "Clerk's Office") in Map Book 00162, at Pages 0008-0009.

IT BEING a portion of the same property conveyed to ROCKWELL CHESAPEAKE, LLC, a Utah limited liability company from INTERSTATE LAND, L.C. a Virginia limited liability company, by deed dated May 26, 2016, and recorded in the Clerk's Office of the Circuit Court for the City of Chesapeake, Virginia, in Deed Book 09657, at Pages 1820-1824.

Property Address:  **631 Independence Parkway, Chesapeake, Virginia 23320**

PIN No. 0360000003730 (the "Property"); and

**WHEREAS**, the Order provides, in pertinent part, that pursuant to 11 U.S.C. § 363(f), "the Property shall be transferred to the Grantee free and clear of any Liens of any kind whatsoever, with all such Liens[1] to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Property . . . ." and "the reversal or modification on appeal of the authorization provided herein by the Order to consummate the conveyance shall not affect the validity of the conveyance to the Grantee, unless such authorization is duly stayed pending such appeal prior to the execution of this instrument."

**NOW, THEREFORE**, in consideration of the payment of the purchase price and other good and valuable consideration, Grantor does hereby grant and convey unto Grantee, without warranty, all of the right, title and interest of Grantor, as trustee of the chapter 7 bankruptcy estate of Rockwell Debt Free Properties, Inc., a Utah corporation, in and to the Property.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Order.

**IN WITNESS WHEREOF**, Grantor has executed this Trustee's Deed as of the day and year first above written.

Signed and delivered this \_\_\_\_ day of _____, 2024.

_____
Steven R. Bailey, Trustee of the chapter 7 bankruptcy estate of Rockwell Debt Free Properties, Inc., a Utah corporation

| | |
|---|---|
| STATE OF UTAH | ) |
|  | )ss |
| COUNTY OF WEBER | ) |

On this \_\_\_\_ day of _____, 2024, personally appeared before me Steven R. Bailey, trustee of the chapter 7 bankruptcy estate of Rockwell Chesapeake, LLC, a Utah limited liability company who duly acknowledged to me that he executed the same in such capacity.

_____
Notary Public
My Commission Expires: