Reid W. Lambert, #5744
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com

*Attorneys for the Unbuilt TIC Owners*

| IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH ||
|---|---|
| In re:<br><br>**ROCKWELL DEBT FREE PROPERTIES, INC.**<br><br>Debtor. | Bankr. No.    20-25326<br><br>Chapter 7<br><br>Judge Kevin R. Anderson |
| **UNBUILT TIC OWNERS' OBJECTION TO TRUSTEE'S FINAL REPORT** ||

      The "Unbuilt TIC Owners"[1] hereby Object to the Chapter 7 Trustee's Final Report (the "Final Report") [Dkt. 185]. The Unbuilt TIC Owners contend that their Proof of Claim should be allowed and paid as timely-filed non-priority general unsecured claims. A Declaration of Reid W. Lambert is submitted in support of the Motion and the factual assertions set forth herein as Exhibit B.

---

[1] The Unbuilt TIC Owners include the tenant-in-common owners of properties located in Jacksonville, Florida; Dublin, Ohio; Independence, Ohio; Toledo, Ohio; and Carmel, Indiana. A complete list of the Unbuilt TIC Owners was included with counsel's Amended Notice of Appearance and Request for Notice filed on September 2, 2020, as docket entry 3, and the list is attached hereto as Exhibit A.

## RELIEF REQUESTED AND SUPPORTING GROUNDS

The Unbuilt TIC Owners seek an order amending the Final Report to provide for allowance and payment of their Proofs of Claim as timely-filed non-priority unsecured claims. The basis for the objection is that the Unbuilt TIC Owners timely filed Proofs of Claim in reliance on the Court's Notice of Assets and Deadline to File a Proof of Claim served by the Clerk on October 22, 2020, which set a proof of claims bar date of January 22, 2021. Consistent with the Tenth Circuit's holding in *In re Themy*,[2] the Court should exercise its equitable authority to allow the Unbuilt TIC Owner's filings that were submitted in reliance on the Court's notice.

## STATEMENT OF FACTS

1.      On September 2, 2020, Rockwell Debt Free Properties, Inc. commenced the above-captioned case by filing a voluntary petition under chapter 7 of the Bankruptcy Code (the "Case")

2.      On October 7, 2020, the Chapter 7 Trustee, Steven R. Bailey (the "Trustee"), entered on the docket a Trustee's Request for Creditors to File Claims, with Proofs of Claim due by January 7, 2021 (the "First Notice"). On October 9, 2020, the Clerk of the Court filed a BNC Certificate of Service of the First Notice [Dkt. 24]. The Certificate reflected service on all parties in interest at the time, including the Unbuilt TIC Owners.

3.      On October 22, 2020, the Trustee entered on the docket another Trustee's Request for Creditors to File Claims, with Proofs of Claim due by January 22, 2021 (the "Second

---

[2] 6 F.3d 688 (10th Cir. 1993).

Notice"). On October 24, 2020, the Clerk of the Court filed a BNC Certificate of Service of the

Second Notice. The Certificate reflected service on all parties in interest, including the Unbuilt

TIC Owners. A copy of the Second Notice is attached to the Declaration of Reid W. Lambert as

Exhibit A.

4.      On October 26, 2020, the Trustee withdrew the Second Notice by a docket entry.

Although ECF users may have received notice of the docket entry, no discrete document was

filed on the docket, and notice of the withdrawal was not sent to parties in interest on the matrix.

Thus, all of the Unbuilt TIC Owners received the Second Notice and none received notice of the

withdrawal.

5.      At the time of the Notices, Attorney Reid W. Lambert had made an appearance in

the case on behalf of the Unbuilt TIC Owners. Lambert received the Second Notice and

calendared the January 22, 2021, bar date accordingly. Several of the Unbuilt TIC Owners also

provided Lambert with copies of the Second Notice.

6.      It is possible that Lambert and his assistant received ECF notice of the un-

numbered docket entry dated October 26, 2020. That docket entry, however, did not identify the

Second Notice by date, docket entry, or content and merely stated "Reason for Withdrawal:

duplicate filing (related document(s): Trustee's Request for Creditors to File Claims)." Lambert

does not recall receiving notice of this docket entry and neither Lambert nor his assistant became

aware of any reason to doubt that the January 22, 2021 bar date established in the Second Notice

was the governing bar date for filing proofs of claim.

7.      On at least three regular monthly calls involving Lambert and his "lead clients"—

a group of approximately 8 parties that served as the primary point of contact for the full group

of Unbuilt TIC Owners—Lambert discussed the bar date and the process for filing proof of claim

for each Unbuilt TIC Owner.

8.      In reliance on the Second Notice, each Unbuilt TIC Owner filed a proof of claim

on or before January 22, 2021.

9.      Over the next four years the Trustee administered the estate, liquidating assets

located in multiple states, and filing numerous sale reports and fee applications.  Periodically

during this time, Lambert had conversations with the Trustee's counsel regarding certain

litigation matters, sales of assets, and administrative issues with the bankruptcy estate.  In

approximately early 2025, the Trustee's counsel mentioned to Lambert that there may be a

problem with the Unbuilt TIC Owners' proofs of claim.  Lambert reviewed his file, which

included the Second Notice and the filed proofs of claim and concluded that the claims were

properly filed.

10.      Shortly after that, the Trustee informed Lambert that the proofs of claim may have

been untimely because the Second Notice was withdrawn.  At that point, Lambert reviewed the

docket in further detail and discovered the facts outlined above.  Lambert discussed the matter

with the Trustee and urged the Trustee to include payment of the Unbuilt TIC Owners' claims in

the Final Report.

11.      On May 22, 2025, the Trustee filed his Chapter 7 Trustee's Final Report and

Proposed Distribution (Dkt. 185). The Final Report proposes no distribution to the TIC Owners,

treating their claims as late filed.

12.     The Final Report proposes a substantial payment to general non-priority unsecured creditors, so the relief requested in this Objection, if granted, would provide a substantial monetary benefit to the Unbuilt TIC Owners.

## ARGUMENT

### EQUITY REQUIRES THE COURT TO ACCEPT THE UNBUILT TIC OWNERS' PROOFS OF CLAIM AS TIMELY FILED.

The Unbuilt TIC Owners were the primary victims of the Debtor's failed Tenant-in-Common investment scheme.  They paid over $25 million to the Debtor for the purchase of completed event center properties and received nothing but vacant or nearly vacant lots, in some cases subject to substantial mechanics liens.  They have participated in this bankruptcy case from almost the outset, and in good faith filed their proofs of claim within the bar date that appeared on the Second Notice that they received from the Court.  No Unbuilt TIC Owner had actual notice or even inquiry notice that the Second Notice they received had been withdrawn, as neither the Court not the Trustee notified them of the withdrawal of the Second Notice.  Even their counsel, who was receiving ECF notices from very early in the case, was unaware that the bar date set forth in the Second Notice had been withdrawn.  The Unbuilt TIC Owners thus request that the Court invoke its statutory equitable authority to treat their proofs of claims as timely filed.

The Tenth Circuit addressed a legally indistinguishable situation in *In re Themy*.[3]  In that case, a first notice set the first meeting of creditors on October 22, 1990, and the deadline for

---

[3] 6 F.3d 688 (10th Cir. 1993).

filing nondischargeability complaints for December 21, 1990.  The October 22, 1990, meeting

was continued to allow for the filing of amended Schedules, however, and the bankruptcy court

sent out a second notice rescheduling the meeting and setting February 15, 1991, as the deadline

for filing nondischargeability actions.  A creditor filed a nondischargeability complaint on

February 14, 1991, and debtor moved to dismiss for failure to file within the deadlines

established by Rules 4004 (a) and 4007 (c).[4]  The bankruptcy court denied the Motion, the

Federal District Court for the District of Utah affirmed, and the Debtor appealed to the Tenth

Circuit, seeking strict enforcement of the statutory filing deadline set "60 days after the first date

set for the meeting of creditors."[5]

The Tenth Circuit began its analysis with an acknowledgement that the deadline is

strictly construed and under Rule 9006 (b)(3), cannot be extended except in strict compliance

with Rules 4004 (a) and 4007 (c).  The court implicitly acknowledged that under that rubric, no

extension was available.[6]  It held, however, that "[t]he bankruptcy court's acceptance of [the]

complaint . . . was not a sua sponte extension of the deadline, but was an exercise of the court's

authority to correct its own errors."[7]  The Court reasoned as follows:

> Although the provisions of Rules 4004 and 4007 are strictly enforced, courts have
> almost uniformly allowed an out-of-time filing when the creditor relies upon a
> bankruptcy court notice setting an incorrect deadline.[8]

---

[4] *Id.* at 689.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 690.

In support of this concept, the *Themy* court first cited *In re Riso*,[9] an appeal to the New

Hampshire District Court challenging the Bankruptcy Court's acceptance of a late-filed

nondischargeability complaint after the Court mistakenly issued a second order setting a deadline

substantially after the statutory deadline.  The District Court affirmed, invoking its equitable

powers to avoid injustice and emphasizing that in so doing it did not create a new substantive

right, but merely allowed the creditor to exercise rights already existing.[10]

The Tenth Circuit also cited with approval the Ninth Circuit's opinion in *In re Anwiler*.[11]

In that case, a first Order for Meeting of Creditors set the deadline for filing complaints to

determine dischargeability on May 23.  After a change of venue, the court in the new venue sent

a new Order for Meeting of Creditors that set the deadline on June 22.[12]  A creditor commenced

a non-dischargeability action on June 19, but the bankruptcy court granted the debtor's motion to

dismiss, finding that under Rules 4004 (a) and 4007 (c), the Complaint must be filed within 60

days of the first date set for the meeting of creditors.  The Bankruptcy Appellate Panel reversed,

however, holding that "while Rules 4004 (a) and 4007 (c) should be strictly applied, if a court

had made a mistake upon which a party relied to its detriment, a court could use its equitable

powers to grant relief and correct its mistake.[13]

The Ninth Circuit also began its analysis with the strict requirements of Rules 4004 and

4007, noting that Rule 9006 (b)(3) provides that a court may enlarge the time only as allowed in

---

[9] 57 B.R. 789 (D.N.H. 1986)
[10] *Id.* at 793.
[11] 958 F.2d 925 (9th Cir. 1992).
[12] *Id.* at 926.
[13] *Id.*

7

those rules.  It concluded that nothing in these rules allowed for an extension of deadline. [14]  It

then considered whether the court should have exercised its equitable powers under Section 105

(a) to correct the circumstances arising from the errant second order.  It cited *In re Riso*[15] for the

proposition that a court has power to do equity in circumstances resulting from its own error, and

agreed that allowing the complaint to stand would not create new substantive rights, but merely

allow the creditor to *exercise* rights that it already had.[16]

     The *Anweiler* court then cited *Matter of Hershkovitz*,[17] which held that "where the clerk

issues a second § 341 notice containing a new bar date prior to the expiration of the first bar date

and there is no reason for a creditor to question the second notice, this Court's equitable powers

will be used to prevent an injustice."[18]  In these circumstances, the Ninth Circuit held that not

only did the bankruptcy court have the equitable power to permit the otherwise late-filed

complaint to proceed, but that it was an abuse of discretion for the Court to dismiss the

Complaint under the circumstances.  (*See also*, *In re Noll*,[19] following *Anwiler* in allowing a late-

filed proof of claim that was filed within the period set in an errant notice of a new bar date after

conversion from Chapter 13).

     The facts in this case fall squarely within the rule established by the Tenth Circuit in

*Themy*.  The Proof of Claim deadline in this case was set under Rule 3002 (c)(5), which

prescribes that the clerk shall give notice "of the date by which proofs of claim must be filed."

---

[14] *Id.* at 927.
[15] 48 B.R. 244 (Bankr. D.N.H.), *aff'd* 57 B.R. 789 (D.N.H. 1986).
[16] *Anwiler,* at 927 (citing, *Riso*, 57 B.R. at 793).
[17] 101 B.R. 816 (Bankr. N.D. Ga. 1989).
[18] *In re Anwiler*, 958 F.2d 925, 928 (9th Cir. 1996) quoting *Matter of Hershkovitz*, 101 B.R. 816, 819 (Bankr. N.D.Ga. 1989).
[19] 491 B.R. 550 (Bankr. E.D. Wisc).

The Second Notice was entirely consistent with Rule 3002 (c)(5), in that it gave "at least 90 days' notice" of the bar date that it set for January 22, 2021.  All of the Unbuilt TIC Owners (and several others) relied on the notice in filing proofs of claim before the January 22, 2021, bar date. That reliance was entirely reasonable under the circumstances.  Although the Trustee attempted to withdraw the notice, notice of the withdrawal was not served on any of the Unbuilt TIC Owners, and even if they had received notice of the docket entry, they, like counsel, could not reasonably have concluded that mere mention of withdrawal as a "duplicate" somehow changed the clearly established bar date.

The Unbuilt TIC Owners further submit that the circumstances of this case are more compelling than those in *Themy* for two reasons.  First, where *Themy* involved a statutory deadline that could be calculated with certainty despite the Court's errant notice, the proof of claim bar date under Rule 3002 (c)(5) is not subject to an exact calculation, but need only be "at least 90 days" from the date of the notice.  Second, Since *Themy*, the United States Supreme Court has decided *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004), which held that time period prescribed by the Bankruptcy Rules are not jurisdictional, but are merely "claims processing rules," that do not determine what cases a court is competent to adjudicate.  Following this precedent, the Tenth Circuit has held in *In re Ochs*[20] that equitable tolling of a limitations period is clearly appropriate when the facts so dictate.  Under these circumstances, the Unbuilt TIC Owners submit that equity compels the court to accept their Proofs of Claim as timely filed.

## **CONCLUSION**

---

[20] 608 B.R. 252, 259 (10th Cir. 2019).

For the reasons set forth above, the Unbuilt TIC Owners urge the Court to conclude that they reasonably relied on the Second Notice in filing their Proofs of Claim, and that equity demands that the claims be approved and paid as timely-filed non-priority general unsecured claims in the case.

DATED this 16th day of June, 2025.

**STRONG AND HANNI**

_____/s/ Reid W. Lambert_____
Reid W. Lambert
_Attorneys for the Unbuilt TIC Owners_

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, I electronically filed the foregoing **UNBUILT TIC OWNERS' OBJECTION TO TRUSTEE'S FINAL REPORT** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

- Adam S. Affleck    Adam-Affleck@rbmn.com, Andalin-Bachman@rbmn.com
- Ryan C. Cadwallader    rcadwallader@kmclaw.com, tsanders@kmclaw.com
- Steven W. Call    scall@rqn.com, docket@rqn.com,lconterio@rqn.com
- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- T. Edward Cundick    tec@clydesnow.com, laardema@clydesnow.com
- J. Michael Ellis
- Penrod W. Keith    pkeith@djplaw.com, khughes@djplaw.com
- Julie E. Kenworthy    jkenworthy@kmclaw.com
- Reid W. Lambert    rlambert@strongandhanni.com, tlawrence@strongandhanni.com
- Blake D. Miller    bmiller@aklawfirm.com, millermobile@gmail.com; miller.blaked@gmail.com
- Gregory S. Moesinger    gmoesinger@kmclaw.com, tsanders@kmclaw.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov
- Nicholas J. Nieto
- Erik A. Olson    eolson@olsontrial.com
- Lenard M. Parkins
- Shawn T. Richards    srichards@kmclaw.com
- Mark C. Rose    mrose@mbt-law.com, markcroselegal@gmail.com
- Brian M. Rothschild    brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Steven T. Waterman    waterman.steven@dorsey.com, bingham.karen@dorsey.com;ventrello.ashley@dorsey.com
- Elizabeth Weller

I hereby certify that on June 16, 2025, I caused to be served a true and correct copy of the foregoing **UNBUILT TIC OWNERS' OBJECTION TO TRUSTEE'S FINAL REPORT** to be sent by regular first-class United States mail, postage fully pre-paid, addressed to:

13

Mark Hashimoto
Piercy Bowler Taylor & Kern
7050 South Union Park Avenue, Suite 140
Midvale, UT 84047

Piercy Bowler Taylor & Kern
Attn: Mark D. Hashimoto
7050 Union Park Avenue, Suite 140
Salt Lake City, UT 84047

Bennett Tueller Johnson & Deere, P.C.
Attn: J. Reed Rawson
3165 E Millrock Dr, Ste 500
Salt Lake City, UT 84121

Nicholas J. Nieto
Bank of America Center
700 Louisiana Street 43rd Floor
Houston, TX 77002

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207

_____/s/_____
Connie Johnson

# EXHIBIT A

## UNBUILT TIC OWNERS LIST OF MEMBERS

**Listed below are the members of the Unbuilt TIC Owners' Group, each of whom has a filed proof of claim in this case:**

Christopher Fucci
Ambleside Park, Inc.
The Richard and Susan Harder Trust
Nina D. Johannessen Living Trust
The Spiritus Revocable Trust
The Addamo 12/9/04 Family Trust
Ross R. and Linda M. Greco
E&H Jackson, LLC
The G. Scott Coleman Trust
Anson V. and Geneive C Smith
Liem Q. Le
Bromberg Trust
Gary Neil
Amfil Realty, LLC
The W. Mark McKoy Irrevocable Trust of 2012
BP412, LLC
Thomas Tarbet
Joseph and Grace Family Zambito Trust
Maxon-Multiline, LLC
The Tierney Revocable Living Trust
The Real Mint, LLC
Gertraude Winkler
Ryan V. and Alena C. Andreasen
Norman L. Merritt Jr. and Armenay Fay Merritt
Jean M. Bonetti
Henrys Noah Dublin LLC
Vonovich Ventures, Ltd.
Jean Pierre and Jennifer Samson
Lawrence H and Russell M. Talbot
Carl A. and Donna M. Lilmars
Craig A. Cousins Trust
Hernyk Sarat
Michael DiGiacomo and Linda DiGiacomo Revocable Trust
Rock Noah OH, LLC
Tracy L. Adame
John Micale Lalli III
William G. and Susan Wright
EC9 Holdings, LLC

Boli Family Trust dated 5/13/1987
Ivy S. Fasko
R&J Steck Investments, LLC
Alan and Alma Seshiki
Merle L. Steinman, Jr.
Stephen W. Funk T/U/A dated 3/18/2005 FBO Thomas E. Funk
Robert and Rita Sue Carter
The Hendrix Family Living Trust
Oak Hill Management, Inc.
Theodore E. and Dena Keith
Harvey A. Paul
Donald and Rosemary Smith
Luann Properties, LLC

**Additional Unbuilt TIC Owners on whose behalf Counsel has filed a Proof of Claim include the following purchasers of interests in property located in Carmel, Indiana:**

Blush Property, LLC
Fred Jacob, TTE of Fred Jacob Living Trust
Camac, Inc.
David A. Burger and Marilyn M. Burger
Rosa DiTucci
Edward Hennessey
11 Crowley Street, LLC
J.W. Richen Trust
Debra LaRoza
Bruce I. Rose and Maureen Rose
Russell Hertrich
Sanford and Helaine Roberts

# EXHIBIT B

Reid W. Lambert, #5744
**STRONG & HANNI, P.C.**
102 S. 200 E. Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Email: rlambert@strongandhanni.com

*Attorneys for the Unbuilt TIC Owners*

<table>
<tr><td colspan="2" align="center"><strong>IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH</strong></td></tr>
<tr><td>In re:<br><br><strong>ROCKWELL DEBT FREE PROPERTIES, INC.</strong><br><br>Debtor.</td><td>Bankr. No.   20-25326<br><br>Chapter 7<br><br>Judge Kevin R. Anderson</td></tr>
<tr><td colspan="2" align="center"><strong>DECLARATION OF REID W. LAMBERT</strong></td></tr>
</table>

Reid W. Lambert, being duly sworn under penalty of perjury of the laws of the United

States, now states as follows:

1.      I am the attorney for the creditors in the above-captioned bankruptcy case

commonly referred to as the "Unbuilt TIC Owners."  I entered an appearance in the case on

September 3, 2020.

2.      On October 24, 2020, I received ECF Notice of a BNC Certificate of Service of a

Trustee's Request for Creditors to File Claims in case (the "Second Notice").  A true and correct

copy of the Second Notice is attached hereto as Exhibit A.  The title of the document served is

1

"Notice of Assets and Deadline to File a Proof of Claim," and the deadline set for filing a proof of claim is January 22, 2021.

3.     Over the next few weeks, several of my clients emailed me copies of the Second Notice that they had also received.  At the time, I was holding monthly status meetings with approximately 8 representatives of my client group (the "Lead Clients").  During at least three of these monthly meetings, I discussed the process for filing proofs of claim.  We established a schedule for clients to provide information to my law firm so that we could comply with the bar date set by the Second Notice.

4.     In January of 2021, I worked with my staff to ensure that the Unbuilt TIC Owners' proofs of claim were all timely filed before January 22, 2021.

5.     I did not learn of any problem with the Proofs of Claim until approximately early 2025, when counsel suggested to me that there may be problems with the Unbuilt TIC Owners' claims.  I investigated my electronic file, including the Second Notice and the filed proofs of claim, but could not discern a problem.

6.     Shortly thereafter, the Trustee explained that the proofs of claim may have been filed under a notice that was later withdrawn.  I reviewed the docket and learned for the first time that of the Trustee's withdrawal of the Second Notice on October 26, 2020.  According to the docket, the Second Notice was "withdrawn" as a "duplicate," but no separate document was filed or served, and notice of the docket entry was not provided to my clients.  The Trustee ultimately explained to me that upon withdrawal of Second Notice, the bar date reverted to January 7, 2021, the date established in an earlier notice.

2

7.     I have no memory of receiving ECF notice of withdrawal of the Second Notice. Even if I had seen the docket entry, I do not believe that it would have been sufficient to alert me that the bar date had changed, as it merely stated that the withdrawn document was a "duplicate," without referencing any particular document by docket number or contents. In any case, neither I nor my assistant at the time became aware of any reason to change the bar date that we had calendared based on the Second Notice.

8.     Between the time of the Second Notice and 2025, I continued to participate in the case, and frequently reviewed court filings as the Trustee administered the estate, liquidating assets in multiple states, and filing numerous motions to approve sales, fee applications, and the like. In approximately early 2025, the Trustee's counsel mentioned to me that there may be a problem with the Unbuilt TIC Owners' proofs of claim. I reviewed my file, which included the Second Notice and the filed proofs of claim, and concluded that the claims were properly filed.

9.     Shortly after that, the Trustee informed me that the proofs of claim may have been untimely because the Second Notice had been withdrawn. At that point, I reviewed the docket in further detail and discovered the facts outlined above. I discussed the matter with the Trustee and urged the Trustee to include payment of the Unbuilt TIC Owners' claims in the Final Report.

Signed this 16th day of June, 2025.

_____/s/ Reid W. Lambert_____
Reid W. Lambert

3

# EXHIBIT A

| NOTICE OF ASSETS AND DEADLINE TO FILE A PROOF OF CLAIM | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF UTAH<br><br>Honorable Kevin R. Anderson, U.S. Bankruptcy Judge | |
| CASE NUMBER: 20–25326    CHAPTER: 7 | DATE FILED (OR CONVERTED): 9/2/20 |
| NAME OF DEBTOR(S):<br>Rockwell Debt Free Properties, Inc., | ADDRESS OF DEBTOR:<br>8494 South 700 East, Suite 200<br>Sandy, UT 84070 |
| DEBTOR'S ATTORNEY:<br>Andres' Diaz<br>Diaz & Larsen<br>307 West 200 South<br>Suite 3003<br>Salt Lake City, UT 84101<br><br>(801) 596–1661 | TRUSTEE:<br>Steven R. Bailey tr<br>2454 Washington Blvd.<br>Ogden, UT 84401<br><br>(801) 621–4430 |

The Court has been advised by the Trustee in the above case that money may become available for payment to creditors.

If you have not already filed a claim in the above case and wish to do so, you should file your claim with the Court as soon as possible. The claim form enclosed in this mailing must be properly completed and must reach the address below on or before:

January 22, 2021

The place to file the proof of claim, either in person or by mail, is the Office of the Clerk of the Bankruptcy Court.

Clerk, U.S. Bankruptcy Court
Attn: Claims Department
350 South Main #301
Salt Lake City, UT 84101

## IF A CLAIM WAS PREVIOUSLY SUBMITTED, IT IS NOT NECESSARY TO FILE ANOTHER ONE.

DATED: 10/22/20

FOR THE COURT
David A. Sime, Clerk

Form BLN

This page intentionally left blank

---

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

---

Official Form 410

# Proof of Claim                                                                04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number        Street _____

City                State                ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number        Street _____

City                State                ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____     Filed on _____
                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                       **Proof of Claim**                       page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7. How much is the claim?**   $_____. Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:        $_____

Amount of the claim that is unsecured:     $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:     $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

Official Form 410    **Proof of Claim**    page 2

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

    A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM  /  DD  /  YYYY


_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
        First name              Middle name              Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

        _____
        City                              State      ZIP Code

Contact phone  _____        Email  _____

---

Official Form 410                         **Proof of Claim**                         page 3

United States Bankruptcy Court

District of Utah

In re:

Rockwell Debt Free Properties, Inc.

Debtor(s)

Case No. 20-25326-KRA

Chapter 7

# CERTIFICATE OF NOTICE

| District/off: 1088-2 | User: baileysr | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Oct 22, 2020 | Form ID: bln | Total Noticed: 90 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 24, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Blake D. Miller, Anderson & Karrenberg, 50 West Broadway, Suite 700, Salt Lake City, UT 84101-2035 |
| aty | + | Brandon C. Marx, Foley & Lardner LLP, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201-3340 |
| aty | + | Brenda E. Weinberg, Felix Weinberg, PLLC, 68 South Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| aty | + | Brittany J Nelson, Foley & Lardner LLP, 3000 K Street NW, Washington, DC 20007-5143 |
| aty | + | Chad S Pehrson, Parr Brown Gee & Loveless, 185 South State St., Suite 800, Salt Lake City, UT 84111-1549 |
| aty | + | Deborah Rae Chandler, Anderson & Karrenberg, 50 W. Broadway, Suite 700, Salt Lake City, UT 84101-2035 |
| aty | + | Reid W. Lambert, Strong and Hanni P.C., 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| aty | + | Wesley D. Felix, Felix Weinberg PLLC, 1355 S. Canterburry Drive, Salt Lake City, UT 84108-2828 |
| acc | + | Gil Miller, Rocky Mountain Advisory, 215 South State Street Ste 550, Salt Lake City, UT 84111-2356 |
| 11700277 | + | Alan and Alma Seshiki, Trustees of 2016 Sheshiki Family Trust, Strong & Hanni 102 S 200 E, Ste. 800, Salt Lake City, UT 84111-3110 |
| 11700278 | + | Ambleside Park, Inc., c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700279 | + | Amfil Realty, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700280 | + | Anson and Genevieve Smith, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700283 | + | BP412, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700281 | + | Bernie Bromberg, Trustee of the Bromberg Trust, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111-3110 |
| 11700282 | + | Blush Property, LLC, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700284 | + | Bruce I. Rose & Maureen Rose, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700285 | + | Bruce Rose/Rose Family Trust, c/o Foley Gardere/Foley Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11700286 | + | Camac, Inc., c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700287 | + | Carl A. & Donna M. Lillmars, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700288 | + | Christopher C. Fucci, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11709952 | + | Christopher J. Ashby, 183 East 8135 South, Sandy, UT 84070-5504 |
| 11700289 | + | Craig A. Cousin, Trustee of Craig A. Cousin Trust, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111-3110 |
| 11700290 | + | Craig A. Cousins/Counsins Trust, Foley Gardere/Foley Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11700291 | + | Cynthia A. Wolz, c/o Foley Gardere/Foley Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11700292 | + | Debra A. LaRoza, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700293 | + | Dien Quang Le, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700294 | + | Donald P. and Rosemary B. SMith, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700295 | + | E&H Jackson, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700296 | + | EC9 Holdings, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700297 | + | Edward Hennessy, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700298 | + | Edward Hennessy 2001 Revocable Trust, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700299 | + | Eldridge Holdings Too, LLC, c/o Foley Gardere/Folery Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11700300 | + | Fred Jacob/Fred Jacob Living Trust, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700301 | | G. Scott Coleman, Trustee of G. Scott Coleman Trust, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111 |
| 11700302 | + | Gary R. Neil, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700303 | + | Gertruade Winkler, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700304 | + | Harvey A. Paul, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700305 | + | Henry Noah's Dublin, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700306 | + | Henryk Sarat, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700308 | + | Ivy S. Fasco, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700309 | + | J&J Real Estate Investments, LLC, Foley Gardere/Foley Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11700310 | + | Jean M. Bonetti, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700311 | + | Jean Pierre & Jennifer Samson, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700312 | + | John Michael Lalli, III, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |

District/off: 1088-2      User: baileysr      Page 2 of 3

Date Rcvd: Oct 22, 2020      Form ID: bln      Total Noticed: 90

| | | |
|---|---|---|
| 11700313 | + | John T. Barnett & Patricia A. Barnett, c/o Foley Gardere/Foley Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11709953 | + | Jordan S. Nelson, 193 East 8135 South, Sandy, UT 84070-5504 |
| 11700314 | + | Josie & Barney Addamo, Trustees of Addamo 12/9/04 Family Trust, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111-3110 |
| 11700315 | + | Judy Hendrix, Trustee of the Hendrix Living Trust, Strong & Hanni 102 S 200 E, Ste. 800, Salt Lake City, UT 84111-3110 |
| 11700316 | + | Kent Seymour/Seymour Family Trust, c/o Foley Gardere/Foley Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11700317 | + | Lawrence H. Talbott & Russell M. Talbott, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700318 | + | Linda & Martin Tierney, Trustees of Tierney Revoc. Living Trust, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111-3110 |
| 11700319 | + | Luann Properties, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700320 | | Maxon-Multiline, LLC, c/o Strong & Hanni, 1021 South 200 East, Suite 800, Salt Lake City, UT 84111 |
| 11700321 | + | Merle L. Steinman, Jr., c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700323 | + | Nina D. Johannessen Living Trust, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700325 | + | Norma L and Armenay Faye Merrett, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700326 | + | Oak Hill Management, Inc., c/o Christensen & Jensen, 257 East 200 South, Suite 1100, Salt Lake City, UT 84111-2047 |
| 11700327 | + | Oak Hill Management, LLC, Christensen & Jensen, 257 East 200 South, Suite 1100, Salt Lake City, UT 84111-2047 |
| 11700328 | + | Paramount Event Venue, LLC, Attn: Steven G. Nienaber, Manager, 5430 North 107th Street, Kansas City, KS 66109-3942 |
| 11700329 | + | Paul & Louis Zambito, Trustee of Joseph Grace Zambito Trust, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111-3110 |
| 11700330 | + | Peter Moli, Trustee of Boli Family Trust, Strong & Hanni 102 S 200 E, Ste. 800, Salt Lake City, UT 84111-3110 |
| 11700331 | | Prudence and Timothy Maxon, c/o Strong & Hanni, 1012 South 200 East, Suite 800, Salt Lake City, UT 84111 |
| 11700332 | + | R&J Steck Investments, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700333 | + | R.P. Associates, LC, c/o Cutler & Riley, 668 E 12225 S, Ste. 204, Draper, UT 84020-8385 |
| 11700334 | + | Richard and Susan Harder Living Trust, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700335 | + | Rocky Noah OH, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700336 | + | Rosa DiTucci, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700337 | + | Ross R. and Linda M. Greco, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700338 | + | Russell Hertrich, The Russell Hertrich Revocable Trust, c/o Felix Weinberg, 68 S. Main St. Ste. 800, Salt Lake City, UT 84101-1504 |
| 11700339 | + | Ryan V. and Andrea C. Andreason, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700340 | + | Sanford & Helaine Roberts, H. Roberts Trust/S Roberts Trust, c/o Felix Weinberg,, 68 S. Main, Ste. 800, Salt Lake City, UT 84101-1504 |
| 11709954 | + | Scott W. Beynon, 1767 Sunset Pointe Circle, Kaysville, UT 84037-6727 |
| 11700341 | + | Spiritus Revocable Trust, Eugene & Susan Spiritus, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111-3110 |
| 11700342 | + | Steven LaRoza, c/o Felix Weinberg, 68 S. Main Street, Suite 800, Salt Lake City, UT 84101-1504 |
| 11700343 | + | The Real Mint, LLC, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700344 | + | Theodore and Dena A. KEith, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700345 | + | Thomas B. Tarbet, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700346 | + | Thomas E. Funk, Trustee of Stephen W. Funk T/U/A, Strong & Hanni 102 S 200 E, Ste. 800, Salt Lake City, UT 84111-3110 |
| 11700347 | + | Town & Campus, Inc., Foley Gardere/Foley Lardner, LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| 11700348 | + | Tracy L. Adame, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700350 | + | Voynvich Martins, LTD, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700351 | + | W. Mark McKoy, Trustee of the W. Mark McKoy Irre. Trust, Strong & Hanni, 102 S 200 E, Ste 800, Salt Lake City, UT 84111-3110 |
| 11700352 | + | William G. and Susan W. Wright, c/o Strong & Hanni, 102 South 200 East, Suite 800, Salt Lake City, UT 84111-3110 |
| 11700353 | + | Xenocorp, LLC, c/o Foley & Gardere/Foley & Lardner, LLP., 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |

TOTAL: 85

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | | Email/Text: jordan@rockwelltic.com | Oct 23 2020 01:13:00 | Rockwell Debt Free Properties, Inc., 8494 South 700 East, Suite 200, Sandy, UT 84070 |
| aty | | Email/Text: courtmail@adexpresslaw.com | Oct 23 2020 01:13:00 | Andres' Diaz, Diaz & Larsen, 307 West 200 South, Suite 3003, Salt Lake City, UT 84101 |
| tr | + | EDI: BSRBAILEY1 | Oct 23 2020 03:48:00 | Steven R. Bailey tr, 2454 Washington Blvd., Ogden, UT 84401-2312 |
| 11700307 | | EDI: IRS.COM | Oct 23 2020 03:48:00 | IRS Special Procedures, 50 S. 200 East, Mail Stop 5021, Salt Lake City, UT 84111 |
| 11700349 | + | EDI: UTAHTAXCOMM.COM | Oct 23 2020 03:48:00 | Utah State Tax Commission, Attn: Bankruptcy Unit, 210 North 1950 West, Salt Lake City, UT 84134-9000 |

TOTAL: 5

| District/off: 1088-2 | User: baileysr | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Oct 22, 2020 | Form ID: bln | Total Noticed: 90 |

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 11700322 | | Michael & Linda Digiacomo, Trust. Michael & Linda Digiacomo R Trust, Michael & Linda Digiacomo, RETURNED MAIL--99999 |
| aty | *+ | Steven R. Bailey tr, 2454 Washington Blvd., Ogden, UT 84401-2312 |
| 11700324 | ##+ | Noah Corporation, PO Box 1289, Riverton, UT 84065-1289 |

TOTAL: 1 Undeliverable, 1 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 24, 2020          Signature:          /s/Joseph Speetjens